GEORGE B. ABBOTT, Public Administrator, with the Will
Annexed, Appellant, *v.* JOHN F. JAMES, Respondent.

*It seems* the courts will not compel the specific performance by the pur-
chaser, of a contract for the purchase of real estate, where the validity of
the vendor's title depends upon a doubtful question of law, where others
having rights, dependent upon the same question, are not parties to the
action.

B. died, leaving no parent, child or descendant him surviving, but leaving
a widow and certain heirs-at-law. By his will he gave to his wife the
use of all his estate during her life or widowhood, the remainder to three
charitable societies named. Then followed this clause: "Should any of
the property hereby devised to said three societies, upon the death or
remarriage of my said wife, consist of real estate, I direct my executor
herein named to sell the same and divide the proceeds between the said
three societies." Plaintiff, as administrator, with the will annexed, after
the death of the widow, contracted to sell the real estate to defendant, who
refused to complete the purchase. In an action to compel specific perform-
ance, the complaint alleged that B. left no personal estate, but died seized
of the real estate in question; defendant demurred. *Held*, that, as under the
statute (Chap. 360, Laws of 1860), the testator could not give to the charita-
ble societies more than one-half of his property, the other half was not
disposed of by the will; that the question as to whether the failure of the
attempted legacies beyond one-half of the estate affected or destroyed
the power of sale was of so doubtful a nature it should not be determ-
ined in an action wherein the heirs were not parties, and so would not be
bound by the decision; that the question was not purely one of law, for
while the facts were admitted by the demurrer and so settled in this case,
the heirs might show them to be entirely different, and in case it appeared
that there was personal property sufficient to pay the shares the societies
could lawfully take without resort to the realty, this might affect, if it
did not control, the decision.

(Argued November 27, 1888; decided January 15, 1889.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, entered upon an order
made May 14, 1888, which affirmed a judgment entered upon
an order sustaining a demurrer to the plaintiff's complaint.

This action was brought to compel specific performance on
the part of defendant, the purchaser, of a contract to purchase
certain real estate.

The complaint alleged, in substance, that Augustine Barker died in 1877, leaving no personal property, but seized of the real estate in question ; that he left him surviving no parent, child or descendant but his widow, and certain nephews and nieces, his heirs-at-law ; that he left a last will and testament, the material portion of which is as follows :

" *First.* I direct that all my just debts and funeral expenses be paid.

" *Second.* I give to my wife all my household furniture, including the clothing of the family.

" *Third.* I give unto my said wife during her life, should she remain unmarried, the use of all my property, real and personal, of every description, not hereinbefore bequeathed.

" *Fourth.* Upon the death of my said wife or her remarriage, whichever may first happen, I give all my said property, the use of which I have given to my wife during her life or widowhood, as aforesaid, to the three following-named societies, to wit : To the American Home Missionary Society, the American Sunday School Union, established in the city of Philadelphia, and the American Tract Society, instituted in the city of New York, to be equally divided between the said three societies. Should any of the property hereby devised to said three societies, upon the death or remarriage of my said wife, consist of real estate, I direct my executor, herein named, to sell the same and divide the proceeds between the said three societies."

The complaint further alleged that the three societies named were corporations duly organized and qualified to take by devise or bequest, but were within the provision of the act " relating to wills " (Laws of 1860, chap. 360). That of the executors named in the will the widow alone qualified, and upon her death letters of administration, with the will annexed, were duly issued to plaintiff as public administrator of the county of Kings. That plaintiff caused said real estate to be advertised for sale at public auction, and on such sale it was duly struck off to defendant, who signed the usual contract and terms of sale, but declined to complete the purchase.

Defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action.

*William Ives Washburn* for appellant.   The direction in the will to sell the real estate and divide the proceeds is in itself a valid power of sale.   (*Vincent* v. *Newhouse,* 83 N. Y. 505.)   The right to exercise such power to sell the real estate, passed to the plaintiff as administrator with the will annexed. (*Mott* v. *Ackerman,* 92 N. Y. 539.)   The validity of the power of sale is not affected by the incapacity of the residuary legatees to receive the entire amount bequeathed.   (*Vincent* v. *Newhouse,* 83 N. Y. 505; *Kearny* v. *Miss. Soc. of St. Paul,* 10 Abb. N. C. 274; *Horton* v. *McCoy,* 47 N. Y. 21; *Moncrief* v. *Ross,* 50 id. 431; *Hollis* v. *Drew Theolog. Sem.,* 95 id. 166; *Chamberlain* v. *Chamberlain,* 43 id. 424.)   The title which the plaintiff tenders to the defendant is good and marketable.   (*Fleming* v. *Burnham,* 100 N. Y. 1.)   Under the direction in the will, the real estate must be deemed personal estate under the doctrine of equitable conversion. (*Dodge* v. *Pond,* 23 N. Y. 69; *Hatch* v. *Bassett,* 52 id. 359; *Fisher* v. *Banta,* 66 id. 468; *Vincent* v. *Newhouse,* 83 id. 505.)

*William N. Dykman* for respondent.   The heirs of testator take their half as land because the purpose for which he directed a conversion is invalid to the extent of the heirs' one-half.   (*Wood* v. *Cone,* 7 Paige, 471; *Wood* v. *Keys,* 8 id. 364; *Chamberlain* v. *Chamberlain,* 43 N. Y. 424; *Chamberlain* v. *Taylor,* 105 id. 185, 194.)   This undivided half is not subject to the power of sale, because the purpose of the power has failed, and, therefore, the power has ceased.   (*Fisher* v. *Banta,* 66 N. Y. 476; *Prentice* v. *Janssen,* 79 id. 478, 486.) There being a substantial question as to the title, and the necessary parties to its complete determination not being before the court, the purchaser ought to be relieved.   (*Jordan* v. *Poillon,* 77 N. Y. 518.)   It is not enough to show that upon the whole case presented the title is not free from suspicion, but is, to say the least, doubtful.   (*McCahill* v. *Hamilton,* 20 Hun, 388, 393.)

FINCH, J. The majority of the court are of opinion that the question upon which the validity of the purchaser's title depends is so doubtful that we ought not to decide it, and compel an acceptance of the deed in the absence of and without hearing the heirs-at-law whose rights depend upon the same question. We have acted upon that basis many times; generally, it is true where the doubt arose upon the facts, but sometimes, I think, where the question was one of law. (*Jordan* v. *Poillon,* 77 N. Y. 518 ; *Fleming* v. *Burnham,* 100 N. Y. 8.) The ultimate inquiry here presented is whether the power of sale given by the will failed as to so much of the real estate as could not pass to the three charitable societies named as legatees in the will. The testator gave to his wife during her life or until her remarriage the use of all his property, real and personal. He had no children, and his only heirs-at-law were nephews and nieces. Upon the death or remarriage of his wife he gave the whole of his property to the three societies named, and then provided that if at the date of the distribution any of his property should consist of real estate that should be sold and converted into money and the proceeds divided among the societies. It is conceded that, by force of chapter 360 of the Laws of 1860 the testator could not give to the charitable societies more than one-half of his property, so that the half which they could not take was undisposed of by the will.

Two opposite theories have been argued as solutions of the difficulty. The courts below have held that the absolute title to one-half of the estate vested in the testator's heirs-at-law and the purpose of the power having failed as to that half the direction to sell fell to the same extent and the title of the heirs became freed from its incumbrance. This view assumes that the power of sale was given solely for convenience of division among the three societies. But the appellants contend that the failure of the attempted legacies beyond one-half of the estate does not affect or destroy the power of sale ; that such power was both absolute, imperative and independent; that it was supported by the peremptory mandate of the tes-

tator and not by some ulterior purpose to which it was acces-
sary or a necessary or convenient incident; and that even
if its purpose be declared to have been to facilitate division
among the societies, that purpose has not wholly failed, and
we cannot say that the direction would have been withheld if
the testator had known that one-half of his property would
not pass under his will.

Numerous authorities are cited on both sides and many
considerations are advanced not necessary to be repeated.
While upon the inquiry involved I have, perhaps, formed some
decided opinion, I am obliged to admit that the question is
doubtful and debatable, and justifies the differences of opinion
which have arisen among us.   Those differences have not been
wholly founded upon questions of law, but have rested some-
what upon the uncertain and undisclosed character of the
facts; for while they are settled in this case by the complaint
and demurrer, the heirs may show them to be entirely different
and will be at liberty to do so if they can.

If, at the death of the testator, they should show that only
one-quarter of his property was real estate, and the value of
that could be fixed by proof or by agreement, the share going
to the societies would be easily ascertained and payable out of
the personal estate without need of a resort to the land, and
no purpose or necessity would exist for the power of sale.
Possibly, in that event, the heirs would have a right to hold
their share in land by the exercise of an option, even if the
power of sale was not otherwise extinguished.   But if, at
testator's death, the situation was different and three-quarters
or the whole of his estate was realty, a sale of the land would
be needed for payment to and division among the charitable
societies, and the argument in support of the power of sale
would be much stronger.   What the facts are we do not
know, beyond the admission of the present parties, and they
might easily prove to be such as at least to affect the decision,
if not to dictate it.   So that even if, in a case dependent upon
a bare question of law, we ought to decide it, and adjudge the
title tendered to be good or bad, we have not before us a case

wholly independent of unknown facts and certain not to be affected by them.

In such an emergency we must remember that if we force this title upon the purchaser, he may have to confront the heirs-at-law in a future litigation. They are not before us and will not be bound by our decision. They will have a right to be heard, both as to the facts and the law, and since the question is doubtful and quite evenly poised, we think we ought not to expose the purchaser to the possible risks of the situation. We have, therefore, briefly stated the question sufficiently to disclose its general character, and without any argument upon it, which would be improper in view of our conclusion.

For the reason given, and without deciding the question involved, we think the judgment should be affirmed, with costs.

All concur except EARL, J., not voting.

Judgment affirmed.