EDWARD KILPATRICK, Respondent, *v.* MARY E. BARRON, Appellant.

*Court of Appeals, February* 24, 1891.

Affirming 54 Hun, 322.

1. *Vendor and purchaser. Title.*—The vendor assumes, under an ordinary contract of sale, the obligation to tender a title marketable and free from reasonable doubt.
2. *Same.*—A purchaser will not be compelled to accept a title resting on a doubtful construction of the provisions of a will. The court will not determine such question of construction in the absence of the persons who will be affected thereby.
3. *Same.*—Where the judgment of the court in support of the title tendered will not bind the descendants of children who have been or may be born after the death of testator, and prior to the time appointed for the sale or division, the title is not marketable and free from reasonable doubt.
4. *Will. Power of sale.*—Where, by a will, the exercise of a power of sale given to the executors is postponed for the benefit of legatees or devisees during the intermediate period, the execution of the power, *it seems*, may be accelerated by the consent of the executors and all the persons interested, upon their joining in the conveyance, provided they are *sui juris* and the conveyance is not in contravention of any trust and is consistent with the substantial purpose of the testator in creating the power.
5. *Same.*—But the rule is otherwise, where the persons, who will be entitled to the proceeds of the sale, cannot be ascertained until the happening of the event upon which the power of sale was limited.

This is an appeal from an order of the general term of the supreme court, first department, which reversed a judgment entered upon a decision of the court on a trial at special term, adjudging and directing plaintiff to perform his contract and take title in the premises therein described.

The action was brought by plaintiff to recover the sum of $1,000 paid by him to defendant as a deposit at the time of signing a contract for the purchase of premises known as No.

54 East Seventy-ninth street, in the city of New York, and for the expenses incurred by him in searching the title to same. Plaintiff claimed that the defendant could not convey a good title to the said premises, and, before the time named for closing said contract, notified defendant that he would not take title.

The defendant denied plaintiff's right to recover said deposit money and expenses, and alleged that she was ready and prepared to convey a good title in fee simple to said premises, in accordance with the terms of the contract, and asked affirmatively that plaintiff be compelled to carry out his part of said contract, and take title, etc.

The facts upon which the judgment was rendered were agreed upon, and are as follows:

The premises in question form a part of the residuary estate under the will of Thomas H. Geraty, late of the city of New York, deceased. Mr. Geraty died in February, 1882, leaving a last will and testament. The defendant is the sole surviving and acting executrix and trustee under the will. Margaret A. Fagan, the other executrix and trustee named in said will, died on the 13th day of June, 1882, leaving a last will and testament. The defendant, then known as Mary E. Geraty, was named as sole executrix and trustee in said will of Margaret A. Fagan, her sister, and letters testamentary were duly issued to her thereunder. By the terms of said will said executrix and trustee was given full power to sell and convey any and all real estate of which the said Margaret A. Fagan died seized. Margaret A. Fagan left her surviving an infant son, named Thomas H. Fagan, who is still living and is still an infant, and who was born after the death of Thomas H. Geraty.

Thomas H. Geraty left him surviving as his only heirs and next of kin six daughters, none of whom were then married, except Margaret A. Fagan. He left no widow nor descendant of any deceased child.

The portion of the will which is pertinent to the question

to be decided herein is as follows : After giving to his children his burial plot in Calvary Cemetery, and a legacy of $400 to the trustees of said cemetery to keep said plot in order, the will runs as follows :

" All the rest, residue and remainder of my estate, real and personal, that I may be seized and possessed of or entitled to at the time of my death, I give, devise and bequeath to my daughters, Margaret A. Fagan, wife of John J. Fagan, and Mary E. Geraty, to have and to hold the same upon the trusts and for the uses and purposes hereinafter mentioned that is to say : To sell and dispose of and turn into money, at such times as to them may seem most advantageous, all my estate, real and personal, except the house and lot of ground now occupied by me as a residence, and known and designated as number fifty-four (54) East Seventy-ninth (79th) street, in the city of New York, with such furniture, plate, linen, china, glass, books, prints, pictures, fuel, consumable provisions and other household effects as may be contained in my said residence at the time of my decease ; and out of the proceeds thereof to pay all my just debts, funeral and testamentary expenses, and to invest the residue thereof in bonds and mortgages on improved and unincumbered real estate in the city of New York or in public stocks of the state of New York or the United States (retaining any investment made by me in my lifetime, whether in real or personal property, that they shall approve of).

" To suffer and permit my unmarried daughters, during the life or lives of my two daughters, Agnes K. Geraty and Ada H. Geraty, or so long as any of my said daughters shall remain unmarried, to occupy as a home, free of rent, my said house known and designated as number fifty-four (54) East Seventy-ninth (79th) street, in the city of New York, together with all the furniture, plate, linen, china, glass, books, prints, pictures, fuel and other household effects that may be in said house at the time of my death.

" Should any of my daughters at any time marry, then I

direct that she shall not occupy said house as a home except by the consent of all her unmarried sisters.

\*       \*       \*       \*       \*       \*       \*       \*       \*

" That my said trustees then divide the whole of the rest, residue and remainder of my estate, or the proceeds thereof, into as many shares or portions as I shall leave children or descendants of children at the time of my death, the share of the descendants of any of my children who shall depart this life before me to be the same in amount as that of one of my said children.

\*       \*       \*       \*       \*       \*       \*       \*       \*

" Upon the deaths of my two children, Agnes K. Geraty and Ada H. Geraty, or the marriage of all my children, as either of said events may respectively occur, I order the direct that my said house, known as No. 54 East Seventy-ninth street, New York city, shall be sold, and the proceeds arising therefrom be paid and divided to and among my children and their descendants.   \*   \*   \*

" While I have intended to give my trustees and their successors full power and authority to sell and dispose of any and all the real estate I may die seized and possessed of or entitled to, and to execute all the necessary papers for the transfer of the same, yet it is my wish that they shall not exercise this power, especially as to the improved property, unless it is clearly necessary for the benefit of my estate that they should."

All of the children of the said Thomas H. Geraty have married except Josephine E. Geraty, who is now, and for several years has been, an inmate of a convent, where she expects to pass the remainder of her life. The daughters Agnes and Ada H. Geraty are still living.

Josephine E. Geraty, the unmarried daughter, did not occupy the premises in question as a home or for any other purpose at the time the agreement was made by the defendant with

the plaintiff for the sale of the same. She had disclaimed any intention of ever occupying said premises for a home, and had requested the defendant to sell and dispose of the same, and for that purpose had executed and delivered to the defendant a power of attorney, empowering the defendant to sell and convey all the right, title and interest of every kind which she, the said Josephine E. Geraty, had in and to the said premises.

The defendant, as the sole surviving executrix and trustee, under the will of Thomas H. Geraty, deceased, with the consent of all the children of the said Thomas H. Geraty, including the unmarried daughter, Josephine E. Geraty, on the 18th day of October, 1887, contracted to sell the said premises to the plaintiff for the sum of $24,000. At the time and place named for closing said contract the defendant had in her possession and ready for delivery to the plaintiff, for the purpose of carrying out her part of said agreement, the following deeds : An executrix and trustee deed, signed, sealed and acknowledged by herself as sole surviving executrix and trustee under the last will and testament of Thomas H. Geraty, deceased. And a warranty deed signed, sealed and acknowledged by herself and all the living children of the said Thomas H. Geraty, including the unmarried daughter, Josephine E. Geraty. She also offered to deliver to plaintiff an executrix and trustee deed executed by herself as the sole executrix and trustee under the will of Margaret A. Fagan, deceased, to convey any interest which the said Margaret A. Fagan had in said premises at the time of her death or which her infant son inherited under said will.

The question submitted to Mr. Justice O'Brien at special term for decision was : Were all the deeds which the defendant had ready for delivery sufficient to vest in the plaintiff a good title to the premises in question ? Mr. Justice O'Brien decided that they were sufficient to convey a good title, and directed judgment in favor of the defendant. The general term reversed the judgment.

*Robert W. Todd*, for appellant.

*D. G. Crosby*, for respondent.

ANDREWS, J.—The question whether a good title to the house and lot was tendered to the plaintiff turns upon the true construction of the will of Thomas H. Geraty. If the six daughters of the testator took upon his death an absolute vested estate or interest in the house and lot or its proceeds, subject only to the right of the unmarried daughter until marriage to occupy the premises, but terminable on the death of the daughters Agnes K. and Ada H. Geraty, if that event should first occur, the title tendered would not, we think, be subject to reasonable doubt on the ground that the time of sale fixed by the will was anticipated. Although one of the daughters is still unmarried, and the two daughters upon whose lives the right of occupation was limited are still living, yet as all the children of the testator, including Josephine, the unmarried daughter, together with the executrix of the will of the deceased daughter, Mrs. Fagan (acting under a valid power), have united in the conveyance, the case is clearly within the rule that where by the will the exercise of a power of sale given to executors is postponed for the benefit of legatees or devisees during the intermediate period, the execution of the power may be accelerated by the consent of the executors and all the persons interested, provided the persons interested and who join in the conveyances are *sui juris*, and the conveyance is not in contravention of any trust and is consistent with the substantial purpose of the testator in creating the power. Perry on Trusts, § 783, and cases cited; Garvey *v.* McDevitt, 72 N. Y. 563; Hetzel *v.* Barber, 69 Id. 1.

The postponement of the execution of the power of sale in the present case was solely for the benefit of the unmarried daughters. All the daughters have married except one, and she has become a member of a religious order and will probably never marry, or desire to occupy the house.

But the contention on behalf of the plaintiff is that by the true construction of the will the persons who are entitled to the proceeds of the sale of the house and lot cannot be ascertained until the happening of one of the events upon which the power of sale was limited, viz.: the marriage of all the daughters or the death of the daughters Agnes K. and Ada H. The claim is that the gift of the proceeds of the sale directed is not to the six daughters of the testator, but to such of them as should survive the period of distribution, and in case of the death of one or more of them prior to that time, to the then surviving daughters and to the descendants then living of any deceased daughters.

If this construction is sound, then there can be no doubt, we think, that the title tendered to the plaintiff was insufficient, because it did not purport to bind, and in the nature of things could not bind, the interests of the children of the testator's daughters, either born or who might come into being and be living and surviving the mother at the period appointed for the division. The question whether a devise or legacy is vested or contingent, or if vested whether it is subject to be divested by an executory gift made to take effect in defeasance of a prior gift, often presents one of the most difficult and perplexing problems which can arise in the construction of wills. The legal rules which govern the subject are qualified by so many nice refinements and distinctions and are so complicated with the question of the testator's intention, to be drawn from obscure words or phrases, and as to which judges may and often do differ, that one may well hesitate in very many cases as to his conclusion.

The construction of the will now before us is not an exception. The courts below have differed, and the members of this court are not agreed upon the point involved. The general scheme of the testator is obvious, which was to vest his estate in his executors as trustees during the lives of his children respectively in shares, and that the children should have the income of their shares respectively during life, the

23

*corpus* on their death to go to their issue. It was his primary general purpose that the descendants of his children should take the fee or absolute ownership of his property, and that the parents should have an equitable life estate only. It seems to be conceded that the trust as to the house and lot was not, in view of § 56 of the statute of uses and trusts, lawfully constituted. But however this may be is not material. If the trustees took the title, the trust would terminate when the purpose of the trust was accomplished, and if the trust was invalid, the title would vest in the heirs of the testator, subject to the execution of the trust as a power.

The construction of the will insisted upon by the defendant imputes to the testator an intention to depart in respect to the disposition of the house and lot from his general scheme to give a life interest in his property only to his children, and the remainder to their issue. But it is to be observed that the share accruing by survivorship in his other property, in case of the death of any child without issue, accrues to the surviving children only, and not to them and the descendants of deceased children.

The plaintiff's construction of the will, as does that of the defendant, involves a departure from the general scheme, because under that construction the children surviving at the period of sale and division would take their shares absolutely. The general contention of the counsel for the plaintiff has much support in rules applied by the courts in ascertaining whether a legacy or devise is present, absolute and vested, or is future, defeasible or contingent. One of these rules is that where there is no gift by a direction to pay and divide at a future time or on a given event, the vesting will be postponed until the time appointed for the division or the happening of the specified event, unless a contrary intent can be collected from the whole will. Williams on Exrs., vol. 2, 1232. And where legacies are given to a class, all are deemed to be comprehended who answer the description at the time the legacy is payable, so that where the legacy is

payable at a future time, those who come into being inter-
mediate the death of the testator and the time of payment,
and answer the description, take as independent objects.
Teed *v.* Morton, 60 N. Y. 506, and cases cited.

But none of these rules is conclusive. They yield to
indications in the will of a different intention. The element
of futurity may have been inserted to let in some interme-
diate purpose of the testator in favor of other objects, and
not for the purpose of postponing the vesting in interest of
the legacies. The gift to a class may be so interpreted by
the context as to be limited to those who constitute the
class at the death of the testator, excluding those who may
come into being intermediate the death of the testator and
the time of the division. Clauses which might in some
relations be interpreted as substitutional may in the actual
case be treated as words of limitation only.

The true construction of the will in question is doubtful.
I incline to the opinion that, taking all the circumstances
into account, it was the intention of the testator that the
proceeds of the house and lot should go to his children
living at his death and the descendants of children then de-
ceased, and that the word " descendants " in the clause
" and the proceeds therefrom be paid and divided to and
among my children and their descendants," was intended
to designate the same descendants referred to in the previous
paragraph of the will, viz., descendants of children who
might die before him.

But our judgment here in support of the title tendered
would not bind the descendants of children who have been
or may be born after the death of the testator, and prior to
the time appointed for the sale and division. It would be
then open for them to claim that they were entitled under
the will as purchasers, either as primary or substituted
legatees.

Under the principle in the case of Fleming *v.* Burnham,
100 N. Y. 1, the title here tendered does not meet the ob-

ligation assumed by a vendor under an ordinary contract of sale, to tender a marketable title and one free from reasonable doubt.