Van Brunt, P. J.
In view of the correct statement of facts contained in the referee’s report, which formed the basis of the surrogate’s action, it is not necessary to restate the same in this opinion.
W e also concur in the conclusions arrived at by the referee that the children of John G. Collins took a vested remainder in the property situated in Eighty-fourth street, devised to the widow of said John G. Collins for and during her natural life, and that the executor was not required to account as such for the $1,000 which had been provided by such children to pay the annuity of fifty dollars to the widow of the testator, for the reasons stated in his opinion. But we do not concur in the referee’s conclusion that there are no assets of the estate of John G. Collins in the hands of William Collins as executor. The theory upon which the referee arrived at this conclusion is that the proceeds of the sale of the premises in Eighty-fourth street, made under the circumstances stated by him, did not remain assets of the estate, but belonged to the persons in whom the fee was vested, and that the holding of the same in the respondent as executor was done by virtue of an agreement between the grantors that he should do so, and not by virtue of any authority derived from the will. It will be seen upon an examination of the will that this property in Eighty-fourth street was bequeathed to the widow of the testator during her life, whether she married again or not; and there was also a provision that, in case she remained unmarried after his youngest child attained lawful age, his estate was to remain unsold during her widowhood, unless she and his children should think it best to sell the same, in which case they were authorized, with her concurrence, to sell the same, and give the purchaser or purchasers good and sufficient deeds for the same, and in such case the proceeds should be invested upon bond and mortgage or other approved securities, and the net income thereof applied to the use of his wife during her widowhood. The wife having remarried, this provision of the will did not apply.
The will then further provides that at the death of his wife the house and lot in question were to be sold by the executors, and the proceeds, with all his other estate, to be divided between his descendants according to law. But prior to the death of the wife the executor sold this property in Eighty-fourth street, received the proceeds, and invested them in his own name, and applied the income to the use of the wife; and, in order to give efficacy to the title, the wife and the children executed conveyances for nominal consideration. This they had the power to do, as is expressly *33 held in the case of Kilpatrick v. Barron, 125 N. Y., 751; 36 St. Rep., 15, in which it is held that the rule is that, where by the will the exercise of a power of sale given to executors is postponed for the benefit of legatees or devisees during the intermediate period, the execution of the power may be accelerated by the consent of the executors and all the persons interested, provided the persons interested and who join in the conveyance are sui juris, and such conveyance is not in contravention of any trust, and is consistent with the substantial purpose of the testator in creating the power. Applying this rule to the case at bar, by the consent of all the parties interested the executor was permitted to sell prior to the death of the wife, instead of awaiting the happening of that event, thereby accelerating the execution of the power, and nothing else. This was the understanding of the parties at the time of the execution of the conveyance, because the executor received the consideration precisely as he would have done had he sold under the power of sale after the death of the wife, and invested the proceeds in his own name as executor. This being the case, the proceeds are to be treated precisely the same as though they had been realized upon a sale had within the strict terms of the will. Such proceeds were to be deemed personal estate, and to be treated by the executor as such, because the direction to sell this house and lot upon the death of the wife is peremptory, and leaves no discretion in the executor; and the real estate, therefore, became converted from that time. It would seem, therefore, that the executor in this proceeding was bound to account for the proceeds realized from the sale of the house and lot, and that the personal representatives of the deceased child, as well as his heirs and next of kin, were necessary parties to such accounting. The decree of the surrogate should be reversed, and this proceeding be remitted to the surrogate, so that the proper proceedings may be had for an accounting of the executor in reference to the proceeds of the house and lot in question, with costs to-abide event.
O’Brien and Follett, JJ., concur.