JOHN SCHWEEN, Plaintiff, *v.* MENDEL W. GREENBERG, Defendant.

*Title to real estate — when acceptance thereof cannot be compelled — construction of a will.*

A person who has agreed to purchase real estate cannot be compelled to take the same if the title thereto is not marketable and free from reasonable doubt.

The provisions of a will of a decedent, purporting to devise real estate, considered, commented upon and construed.

SUBMISSION of a controversy upon an agreed statement of facts, pursuant to section 1279 of the Code of Civil Procedure.

*S. Campbell*, for the plaintiff.

*E. Mandel*, for the defendant.

VAN BRUNT, P. J.:

David Sherwood in March, 1843, died seized of the premises in question, leaving a last will and testament, which was duly admitted to probate in the Surrogate's Court of the county of New York.

By this will he devised the premises in question to his son William for life, and after his death to his children equally, their heirs and assigns forever, and then provided:

"*Item.* In the event of any or either of my said sons or daughters departing this life without leaving lawful issue him or her surviving, I do hereby order and direct that the estate hereby given and bequeathed to such son or daughter so dying without lawful issue shall thereupon become the property of, and I do hereby give, devise and bequeath the same to such of my said sons and daughters as may then be living, and to the lawful issue of such of them as may be deceased. It being my will and intention that my said sons and daughters should take and hold their shares and proportions of the estate in this article of my will mentioned, for and during their natural lives. And upon their, any or either of their decease, the same shall descend to and be had, shared and divided by and between his or her lawful issue in equal proportions, share and share alike, and their heirs and assigns forever."

At his death David Sherwood left him surviving his widow, who died many years ago, and six children, all of whom died prior to William, except Clarissa Ann McCoy. Those who had died prior

·to William all left issue.  Clarissa A. McCoy is still living, and had, at the death of William, three living children and one grandchild, the son of a deceased daughter.  In July, 1879, William Sherwood died intestate, unmarried and without issue.  In August, 1873, a suit in partition in this court was commenced by W. H. H. Sherwood, the son of Samuel J. Sherwood, and grandson of said testator David Sherwood, against Susan A. Sherwood, widow of Samuel J. Sherwood, and others, which went to judgment and sale, and on the 18th of May, 1881, said property was sold under said judgment to the plaintiff, who took a deed thereof on or about the 23d of July, 1881, and went into possession, and has ever since remained in undisturbed possession thereof.  Clarissa A. McCoy was made a party defendant to said partition suit and duly appeared therein, but neither her children nor the grandchild were made parties.  All other persons having an interest in said property were made parties and were served or appeared.  On the 16th of August, 1892, the plaintiff entered into a contract whereby he agreed to convey the land in question to the defendant.  The defendant refused to take upon the ground that the children and grandchild of Clarissa McCoy were necessary parties to the partition suit, and the question is whether the plaintiff can give a marketable title and one free from reasonable doubt.

There would be no question in regard to the construction to be placed upon this will had it not been for the statement contained in the devise over by the testator that it was his will and intention that his said sons and daughters should take and hold their shares of his estate in this article ·mentioned for and during their natural life, and, upon their or either of their decease, the same shall be had, shared and divided by and between his and her lawful issue, share and share alike, and their heirs and assigns forever.

Here is the expressed will of the testator that, in case all his sons and daughters shall die without issue, their share shall go to the surviving sons and daughters, which they shall hold for and during their natural lives, and then follows a devise over to their issue.  It seems to have been the intention of the testator, as above observed, to give only a life estate to the surviving sons and daughters, and the claim urged upon the part of the plaintiff, that where the testator in the devise over made use of the term estate he meant the prop-

erty, does not seem to render the construction less certain. We do not think that the construction claimed by the plaintiff is so free from reasonable doubt that the title which he proposes to give can be said to be a marketable one. (*Kilpatrick* v. *Barron*, 125 N. Y. 751.)

The defendant should have judgment, with costs.

O'BRIEN and PARKER, JJ., concurred.

Judgment for the defendant, with costs.