MORRIS FISHER and Another, Plaintiffs, *v.* ELLEN H. WILCOX, as Executrix, etc., of BENJAMIN ALBRO, Deceased, Defendant.

*Acceptance of a doubtful title to real estate — decision of the court — when binding by way of estoppel — when, as stare decisis*

When the validity of the title to real estate is doubtful the court ought not to determine the question and compel an acceptance of the title in the absence of and without hearing all parties whose rights depend on the decision of the same.

The decision of the court of last resort is binding by way of estoppel only on the parties to the action and their privies, but on persons not parties nor privies only under the rule of *stare decisis.*

SUBMISSION of a controversy, without action, upon an agreed statement of facts, pursuant to section 1279 of the Code of Civil Procedure.

In 1881 Benjamin Albro died seized of No. 88 Division street, leaving a last will and testament which was thereafter duly admitted to probate by the Surrogate's Court of the city and county of New York. After the payment of his debts he devised No. 88 Division street to Abraham Polhemus, Jr., and Ellen A. Wilcox, as executors and trustees, to collect the rents and profits, and after the payment of taxes and expenses of management they were directed to pay (1) one dollar a day therefrom to his widow, Elizabeth, during her life in lieu of dower; (2) to pay therefrom $350 a year, in monthly payments, to his adopted daughter Tilly during her natural life; (3) pay to his adopted daughter Ellen H. $280 per annum until Benjamin A. Polhemus becomes twenty-one years of age, or until his death if he should die before reaching that age, and upon his death before reaching that age, to pay said $280 to her until Gabriel Henry Wilcox shall attain his majority; (4) pay and apply the residue of the rents and profits to and for the benefit of Edith C. Polhemus during life; (5) when Benjamin A. Polhemus dies or reaches the age of twenty-one years to pay Gabriel H. Wilcox, if then of full age, $4,000, but in case he dies before reaching majority the $4,000 is bequeathed to Ellen H. Wilcox. The fourth and fifth clauses of the will are as follows :

"*Fourthly.* Upon the death of said Edith C. Polhemus, I give, devise and bequeath all the said property and estate so devised to said trustees, and direct said trustees to convey the same to the

following named four children of said Edith C. and Abraham Polhemus, Junior, viz.: to Ellen Augusta, Ramona Leonora, Abram Clifford and said Benjamin Albro, and to any other child to be hereafter born, share and share alike, subject, however, to the said trust and right to said trustees to receive the said rents, issues and profits so as to realize the means for payment of said annuities of three hundred and fifty dollars, and two hundred and eighty dollars, and said sum of four thousand dollars.

" *Fifthly.* I hereby authorize and empower my said executor and executrix, as such trustees, to sell and convey the said property when said Benjamin Albro Polhemus shall become of full age, or before if they shall deem it most judicious for the interest of all the said devisees and legatees, and invest the proceeds thereof on proper security, and pay and apply the said income thereof in the same manner as said rents are directed to be paid, and for payment from said proceeds of said sum of four thousand dollars as above directed to be paid."

Abraham Polhemus, Jr., never qualified as an executor under the will, nor entered upon the discharge of his duties as a trustee, Ellen A. Wilcox alone having received letters testamentary and alone having acted as trustee. On the 13th of June, 1893, Ellen H. Wilcox, as trustee, and the plaintiffs entered into an executory contract by which the former agreed to sell and convey and the latter to purchase the devised premises, on which contract the plaintiffs have paid $1,000. Doubts having arisen in the minds of the purchasers over the power of the trustee to sell and convey a good title, this submission was made.

*David Leventritt,* for the plaintiffs.

*Vanamee, Watts & Vail,* for the defendant.

FOLLETT, J.:

The testator by his will did not convert or attempt to convert his realty into money, out and out, but the title to the land, assuming the devise to be valid, passed to the trustees with power to convert it into money, invest the proceeds and apply the income therefrom. By the will the trustees have power to hold the realty and apply the

nĕt rents as directed until the death of Edith C. Polhemus, when they are directed to convey the naked title to her children, subject to the right of the trustees to apply the net rents for the benefit of the life annuitants and legatees. The children of Edith C. Polhemus are not given the power of alienation until after the death of all of the *cestui que trustents.* By the fifth clause of the will, the trustees are empowered, not directed, to sell the realty whenever they deem it most judicious for the interest of the devisees and legatees, invest the proceeds and apply the income for the same purpose that the rents of the realty are directed to be applied. It is very clear that the testator attempted to authorize the trustees to hold the land in trust, in their discretion, until after the death of all of the annuitants and until after the payment of the $4,000 legacy and thus suspend the power of alienation for more than two lives in being at the death of the testator.

The interests of the *cestui que trustents* in the rents of the realty, and, in case it is sold, in the income to be derived from the proceeds of the sale, are not merely successive, one *cestui que trustent* taking after the death of another, but they are concurrent as well.

In this case the heirs of the testator are not before the court, nor are the *cestui que trustents*, except as they are represented by the trustees, nor are the devisees of the remainder, except as so represented, and without their presence we do not think this court should authoritatively determine their rights, and we simply hold that the power of the trustees to convey an estate in fee simple is so doubtful that the purchasers should not be required to take the title tendered. In *Abbott* v. *James* (111 N. Y. 673) and *Kilpatrick* v. *Barron* (125 id. 751) the Court of Appeals held that when the validity of the title in question is doubtful, even that court ought not to determine it and compel an acceptance of the title in the absence of and without hearing the heirs at law whose rights depend on the same question. This judgment was followed in this department in *Alkus* v. *Goettmann* (60 Hun, 470). The decision of the court of last resort is binding by way of estoppel only on parties and their privies, but on persons not parties nor privies only on the rule of *stare decisis*, and the decision of this court would not be binding upon that principle on the Court of Appeals, and we think, although we are not in much doubt about the question

presented, that we ought not to go further than to decide that the purchasers ought not to be compelled to take the title tendered.

Submissions between executors and purchasers relating to the validity of devises have become quite common in this court. The heirs at law of testators in such cases, often infants, are not parties to the submission, are not heard, and their rights ought not to be determined, and in a case of doubt the purchasers ought not to be required to take title. In some cases which have been submitted, though not in this, we have had reason to believe that the contract of sale made and the submission entered into, were for the purpose of securing an adjudication on the questions submitted without the heirs and the other persons interested having an opportunity to be heard.

A judgment should be ordered in favor of the plaintiffs, that they be relieved from the performance of their contract of purchase, and that they recover from the defendant $1,000, with interest from June 13, 1893, with the costs of this action.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment ordered in favor of plaintiffs, with costs.