MARGARET F. DOWNEY, Plaintiff, *v.* GEORGE DAN SEIB, Defendant.

*Specific performance — a judgment that a deed be reformed so as to convey a title in fee simple is not effective as against persons unborn and living persons not made parties to the action — what is a marketable title.*

By a deed executed between John Scott and his wife, as parties of the first part, his daughter Margaret F. Downey, as party of the second part, and his sons John, James and William, as parties of the third part, the said John Scott conveyed certain premises to the party of the second part for and during the term of her natural life with remainder in fee simple at the expiration of the life estate " unto the child or children lawfully begotten of the said party of the second part who may be living at the time of her death and the issue, if any, of such of her children lawfully begotten, as may then be dead in such shares that each such child of the said party of the second part hereto, living at the time of her death shall take one equal share, and the child, children or issue (if any) of each such child of the said party of the second part as may at that time be dead shall take, if but one solely and if more than one collectively, one like equal share."

The deed further provided: " But and if it shall so happen that the said Margaret shall depart this life without leaving her surviving at the time of her death any lawful child or children nor any lawful child, children or issue of any such child deceased, then and in that case from and after the death of the said Margaret. We, the said John Scott and Ann his wife, the parties of the first part hereto, do hereby grant and convey unto the said John, James and William, the parties of the third part hereto or to the survivors or survivor of them living at the time of the death of the said Margaret and the lawful children and issue, if any, of such of said three sons as may then be dead, in such shares that each of the said three sons of the said John Scott, living at the time of the death of the said Margaret, shall take one equal share and the child, children or issue (if any) of each of said three sons who may then be dead shall take, if one solely if more than one collectively, one like equal share, the same as the parent or ancestor would have taken if then living."

Thereafter, and on October 20, 1892, the parties of the third part mentioned in the deed assumed to convey to the party of the second part therein the premises in fee. November 5, 1892, John Scott, the original grantor, died. Margaret F. Downey, the party of the second part mentioned in the deed, then brought an action against the widow of John Scott, the father, and his executor and all of the parties of the third part mentioned in the deed, and obtained therein on November 2, 1893, a decree adjudging that the deed be so reformed as to convey to the said Margaret F. Downey, the party of the second part therein, the fee simple of the premises.

In a proceeding instituted by Margaret F. Downey to compel a person to whom she had contracted to sell the premises to accept title thereto, it appeared, with reference to the parties of the third part mentioned in the deed, that William Scott died without having married; that John Scott, Jr., and James Scott both married and that their respective wives were living; that John Scott, Jr., had two children and that James Scott had one; that the plaintiff had a husband living, but had no issue and that it was quite likely that the plaintiff would never have issue.

*Held,* that the title tendered to the contract vendee was not marketable, for the reason that as none of the parties to the action represented the possible unborn children of the plaintiff or the living children of John Scott, Jr., and James Scott, such children were not concluded by the judgment reforming the deed.

To entitle a vendor of real estate to compel his vendee to specifically perform his contract he must be able to tender such a title as will enable his vendee to hold the land free from probable claims by another, and such as, if he wishes to sell, will be reasonably free from any doubt which will interfere with or affect its marketable value.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

*Isidor Wels* [*J. E. Ludden* with him on the brief], for the plaintiff.

*Isaac Ringel,* for the defendant.

RICH, J.:

It appears that John Scott, the father of the plaintiff and then owner of real estate in Brooklyn, conveyed the same to the plaintiff for the term of her natural life, the deed running to her as party of the second part, and to his sons John, James and William as parties of the third part, as follows: "To and for her and their sole use, benefit and behoof for and during and until the full end and term of her natural life. And from and after the death of the said Margaret, the said John and Ann, the said parties hereto of the first part, do hereby grant and convey all the aforesaid Tract, Piece or

Parcel of Land, and the aforesaid tenements, hereditaments and appurtenances, rents, issues and profits, and all the remainder of the estate, right, title, interest, dower, right of dower, property, possession, claim and demand whatsoever, as well in law as in Equity, of the said parties hereto of the first part, in and to the said Tract, Piece or Parcel of Land, with the appurtenances, which remained in them, the said parties of the first part, or either of them, after the granting of the aforesaid estate for life unto the child or children lawfully begotten of the said party of the second part who may be living at the time of her death and the issue, if any, of such of her children lawfully begotten, as may then be dead in such shares that each such child of the said party of the second part hereto, living at the time of her death shall take one equal share, and the child, children or issue (if any) of each such child of the said party of the second part as may at that time be dead shall take, if but one solely and if more than one collectively, one like equal share. To have and to hold the said Tract, Piece or Parcel of Land and the aforesaid tenements, hereditaments and appurtenances, rents, issues and profits, and all the aforesaid remainder unto the aforesaid Children and Issue of the said Margaret in the manner and shares aforesaid, and to their heirs and assigns to their sole use, benefit and behoof, from the day of the death of the said Margaret thenceforth forever. But and if it shall so happen that the said Margaret shall depart this life without leaving her surviving at the time of her death any lawful child or children nor any lawful child, children or issue of any such child deceased, then and in that case from and after the death of the said Margaret, We, the said John Scott and Ann his wife, the parties of the first part hereto, do hereby grant and convey unto the said John, James and William, the parties of the third part hereto or to the survivors or survivor of them living at the time of the death of the said Margaret and the lawful children and issue, if any, of such of said three sons as may then be dead, in such shares that each of the said three sons of the said John Scott, living at the time of the death of the said Margaret, shall take one equal share and the child, children or issue (if any) of each of said three sons who may then be dead shall take, if one solely if more than one collectively, one like equal share, the same as the parent or ancestor would have taken if then living." Subsequently, and on or about the 20th day

of October, 1892, John Scott, Jr., James Scott and William Scott, parties of the third part in the deed above referred to, executed and delivered to the plaintiff a conveyance purporting to convey to her the said premises in fee. John Scott, the original grantor, died November 5, 1892, and an action was thereafter brought by this plaintiff against John Scott individually and as executor of the last will and testament of John Scott, deceased, James Scott, William Scott and Ann Scott, widow of John Scott, for the purpose of having the original deed reformed so that it should transfer and convey the title to the premises therein described to the plaintiff in fee simple absolute, and such proceedings were had in said action that on the 2d day of November, 1893, a decree was entered therein adjudging and decreeing a reformation of said instrument so that it should purport to transfer and convey the premises to plaintiff in fee simple.

William Scott died never having married; John and James both married, and their respective wives are living. John Scott, Jr., has two children and James one, while the plaintiff has no issue. Her husband, Peter F. Downey, is now living. On the 29th day of February, 1904, plaintiff, being in possession of the premises, claiming to own and hold the same under said deeds, entered into an agreement with the defendant to convey the absolute fee of said premises free and clear from all incumbrances, except certain restrictions about which no question is raised here; in consideration of which the defendant agreed to pay $9,000, $200 of which was paid upon the execution of the contract, and $8,800 to be paid on the delivery of a deed of the premises, March 26, 1904. On that day the plaintiff was ready and willing to comply with the terms of the contract, and deliver to the defendant a full covenant and warranty deed of the premises. The defendant, however, refused to accept the deed and pay the consideration agreed upon, on the ground, as claimed, of plaintiff's inability to give a valid title. Plaintiff now demands judgment that defendant perform said agreement.

A vendee is entitled to a marketable title. A title open to a reasonable doubt is not a marketable title. To entitle a vendor to specific performance he must be able to tender such a title as will enable the vendee to hold his land free from probable claim by another, and such that, if he wishes to sell, will be reasonably free

from any doubt which would interfere with or affect its market value. If it may be fairly questioned, specific performance will be refused. (*Shriver* v. *Shriver*, 86 N. Y. 575, 584; *Fleming* v. *Burnham*, 100 id. 1; *Vought* v. *Williams*, 120 id. 253, 257; *McPherson* v. *Schade*, 149 id. 16, 21; *Abbott* v. *James*, 111 id. 673; *Moore* v. *Appleby*, 108 id. 237; *Kilpatrick* v. *Barron*, 125 id. 751; *Heller* v. *Cohen*, 154 id. 299.) A marketable title was not taken by plaintiff under the deeds mentioned and the question is now presented whether, in consequence of the judgment, plaintiff had such a title on March 26, 1904.

It is quite likely, in view of the opinions of physicians and surgeons, that plaintiff will never become a mother, and yet they may be mistaken. The rights of possible children of plaintiff were not protected and no party to the action represented the unborn children of the plaintiff or the living children of the defendants (in that action), John Scott, Jr., and James Scott. John and James had conveyed their interest in the premises to the plaintiff, and no party to that action had any interest in the result save only the plaintiff, and her interest was adverse to the children living as well as those unborn. The rights of children unborn were wholly unprotected and uncared for in the action for reformation. It follows, therefore, that the unborn children of the plaintiff, as well as the living children of John and James, were not concluded by the judgment reforming the deed, and that the title tendered to the defendant was not marketable, or at least that there is such a reasonable doubt as to the title which the defendant would take under the conveyance tendered, that the burden of defending it ought not to be imposed upon him. The defendant is, therefore, entitled to judgment relieving him from his purchase and contract, and that he recover of the plaintiff $200, the amount paid upon the contract at the time of its execution, together with $75, the amount stipulated as being the reasonable expenses incurred in investigating the title, with the costs of this action.

Let judgment be entered accordingly.

BARTLETT, JENKS and MILLER, JJ., concurred; HOOKER, J., not voting.

Judgment directed for defendant on submission of controversy.