Morrison v. Morrison.

MARY MORRISON

v.

JOHN W. MORRISON.

1. DOWER—DAMAGES FOR DETENTION.—The right to damages for detention of dower is a mere incident to the right of dower, and where the right of dower has been extinguished by release, the right to damages falls with it.

2. COSTS—IN DISCRETION OF THE COURT.—In proceedings in equity, the imposition of costs is within the sound discretion of the court, and the exercise of that discretion will not ordinarily be reviewed on appeal.

APPEAL from the Circuit Court of Cook county; the Hon. M. F. TULEY, Judge, presiding. Opinion filed November 29, 1882.

Messrs. ELLIS & MEEK, for appellant; that the right to dower, and the right to *mesne* profits by way of damages are separate and distinct rights, cited 2 Scribner on Dower, 677; Harvey v. Haney, Ray. 366; Butter v. Ayres, 1 Leonard, 92.

No damages were given at common law, but the right rests on the statute of Merton: Turney v. Smith, 14 Ill. 242.

The commencement of the suit was a demand for assignment of dower: Strawm v. Strawm, 50 Ill. 256.

Mr. S. K. Dow, for appellee; that damages are merely an incident to dower, cited Betts v. Matthews, 4 Har. 427; Miller v. Woodman, 14 Ohio, 518; McLaughlin v. McLaughlin 20 N. J. Eq. 190; Roper on Husband and Wife, 267.

BAILEY, P. J. This was a suit commenced November 18, 1880, by Mary Morrison, widow of Ephraim Morrison, deceased, against John W. Morrison, devisee of said Ephraim Morrison, for the recovery of dower in certain real estate in the city of Chicago, of which said Ephraim Morrison died seized. The defendant answered, admitting all the essential allegations of the bill, but setting up certain other facts (not now material), upon which he based a denial of the complainant's right to dower. At the hearing on bill, answer, replication and proofs, it was stipulated and agreed between the parties, that, on the 17th day of December, 1881, the complainant released her dower to the property in question, and " that the only question is as to the defendant's liability for damages prior to such release; that is, whether or not any damages should be assessed upon complainant's claim for dower, prior to the date of such release, and that the case be heard as if such facts and issues were made by the pleadings. "

Morrison v. Morrison.

The defendant also read in evidence a deed bearing the date December 17, 1881, executed by the complainant to the defendant, by which the complainant, in consideration of the sum of $8,000, the receipt whereof was acknowledged, remised, released, sold, conveyed and quitclaimed to the defendant, all the right, title, claim and demand which she had in and to said real estate; said deed containing in the granting clause the following recital: "Hereby meaning and intending to release and convey unto the party of the second part, her dower interest in and to said pieces and parcels of real estate."

The defendant also testified that, at the time of the execution of said deed, he paid the complainant said sum of $8,000, and that she agreed to receive said sum, not only as the consideration of said deed, but in satisfaction of her claim for damages, and to withdraw her suit for dower. In this he was corroborated by another witness, who, so far as appears, was wholly disinterested, while the complainant on her part testified that the $8,000 was the consideration of the deed merely; that her claim for damages was not taken into account or settled for, and that there was no agreement to dismiss the suit.

The court thereupon found that the complainant was not entitled to the relief prayed for, and entered a decree against her, dismissing her bill for want of equity and for costs.

If, as a matter of fact, the complainant's claim for damages was compromised at the time of the execution of the release of dower, and satisfied by the payment to her of said sum of $8,000, it will scarcely be contended that she should still have a decree for damages. It was a claim which she was competent to compromise and discharge, and if for an adequate consideration, she has done so, she is no longer entitled to recover. On this question of fact the evidence, though conflicting, seems to preponderate in favor of the complainant, and we are not prepared to say that the decree may not be sustained upon this ground alone.

There is, however, another ground upon which the court below was necessarily compelled to refuse the complainant a decree for damages. The right to damages was a mere incident

to the complainant's right to dower, and the latter right having been extinguished by the release, the right to damages fell with it. At common law, when dower was detained from the widow, and she was obliged to bring a writ of dower, she was entitled to the profits of her third part of the lands, only from the time when she recovered judgment. By the Statute of Merton, it was provided that "Of widows which after the death of their husbands are deforced of their dowers, and can not have their dower or quarantine without plea, whosoever deforce them of their dowers or quarantine in the lands whereof their husbands died seized, and that the same widows after shall recover by plea, they that be convicted of such wrongful deforcement, shall yield damages to the same widows, that is to say, the value of the whole dower to them belonging, from the time of the death of their husbands unto the day that the said widows by judgment of our court, have recovered seizin of their dower," etc. Under this statute it was held that, "if the heir or feoffee assign dower, and the wife accept thereof, she loseth her damages, because, having the dower which is the principal she can not sue for the damages, which are but consequential or accessory." 3 Bac. Abridg. Dower, M. Nor could damages be recovered if the widow died before dower was assigned. Co. Litt. 33, A.

In this State it is provided by statute that, "whenever, in any action brought for the purpose, a surviving husband or wife recover dower in any lands, he or she shall be entitled to recover reasonable damages from the time of his or her demand, which may be assessed by the court or a jury, if required, may be impaneled for that purpose." R. S. Chap. 42, Sec. 41. Here damages are given only where there is a recovery of dower. As said by the Supreme Court of Ohio, in Miller's Adm'r v. Woodman, 14 O. St. 518, "When the decree assigning dower is pronounced, then, and not till then, the compensation becomes a chose against the tenant, to be enforced as the court may direct. In Betts v. Matthews, 4 Harr. 427, the widow died pending proceedings for the recovery of dower, and the court holding that the suit was thereby abated, and could not be prosecuted even for the recovery of damages,

Morrison v. Morrison.

say: 'The damages for detention can in no case be recovered without recovery of dower; and as this is impossible after the death of the dowress, the damages fell with her death.'" The same rule was laid down in Turney v. Smith, 14 Ill. 242. There the widow died pending proceedings for, but before the recovery of dower, and the court say: "The widow died without establishing her right, and the damages consequent upon the recovery of dower can not be assessed. The principal thing was extinguished by the death of the widow, and with it fell the incident."

In this case, before the assignment or recovery of dower, the complainant released her right of dower to the defendant, and that right was thereby as effectually extinguished as it would have been by the death of the dowress. It follows that the incidental right to damages was extinguished with it.

The complainant also insists that, so long as she is shown to have had a right to a decree at the time of filing her bill, and up to the date of the release, she should only have been charged with costs accruing after the release. It may be remarked that, in proceedings in equity, the imposition of costs is within the sound discretion of the court, and the exercise of such discretion will not ordinarily be reviewed on appeal. But we see no reason why a party to a suit, who has voluntarily parted with all her rights in litigation before the hearing, thus putting it out of her power to establish any right to relief, should not be charged with full costs.

As we find no error in the record, the decree will be affirmed.

Decree affirmed.