THE METHODIST EPISCOPAL CHURCH HOME, Appellant, *v.* WILLIAM N. THOMPSON, Respondent.

*It seems* that to maintain an action brought by the vendee to recover back a payment of purchase-money made upon a contract for the sale of real estate on the ground of defect of title, it is not necessary to show that the title is absolutely bad. A reasonable doubt as to the vendor's title, such as to affect the value of the property and to interfere with a sale thereof to a reasonable purchaser, is sufficient.

This rule applies as well in such case as where the vendor sues for specific performance.

*Romelly* v. *James* (6 Taunt. 263); *O'Reilly* v. *King* (28 How. Pr. 408), disapproved.

(Argued December 9, 1887; decided January 17, 1888.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made November 11, 1885, which set aside a verdict taken subject to the opinion of the court at General Term, and dismissed the complaint on the merits.

This action was brought to recover back a payment made by plaintiff upon a contract between it and defendant for the purchase by the former and sale by the latter of certain real estate in the city of New York on the grounds of a defect of title.

After discussing the evidence the opinion concludes thus:

"Upon these facts we have no hesitation in saying that there is not a fair, reasonable or just doubt thrown upon the title of the defendant to the premises in question.

"We disagree with the court at General Term upon the necessity in such a case as this of showing that the title is absolutely bad. We think that if there were a reasonable doubt as to the vendor's title, such as to affect the value of the property, and to interfere with the sale of the land to a reasonable purchaser, the plaintiff's cause of action would be sustained. (*Hellreigel* v. *Manning*, 97 N. Y. 56.)

"This rule obtains as well where the vendee sues to recover back the price paid as when the vendor sues to compel performance.

"The case of *Romelly* v. *James* (6 Taunt. 263), has been cited as authority for a contrary holding. That was an action brought to recover the deposit paid on the contract for the purchase of lands in fee simple, upon the alleged insufficiency of the title. The question was argued at length in the Common Pleas, and at the end the court took time to consider, but before doing so observed: 'It is said that the plaintiff will have made out his claim to recover back his deposit, if a cloud is cast on the title. That is not so in a court of law. He must stand by the judgment of the court, as they find the title

to be, whether good or bad; *and if it be good in the judgment of a court of law*, he cannot recover back his deposit.' The court subsequently held that defendant could give a good title, and hence ordered judgment in his favor.

"We do not regard this case as authority for us, in our union of legal and equitable tribunals, to hold that in such a case as this the plaintiff must show absolutely a bad title. In the case cited the court held the defendant's title good, and hence ordered judgment for him, just as we hold here that no doubt has been cast upon the defendant's title. But the plaintiff was entitled to a good marketable title, and if he did not get it, could maintain his action to recover back his deposit.

"In *Allen* v. *Atkinson* (21 Mich. 351), COOLEY, J., said (p. 361): 'The vendee had an undoubted right to a good title and to a deed with proper covenants; and he had a right also to insist that the title should be a marketable one, not open to reasonable objection,' citing *Freethy* v. *Barnhart* (51 Penn. St. 279).

"The case of *Romelly* v. *James* (*supra*), was the one upon which the Superior Court based its holding in *O'Reilly* v. *King* (28 How. Pr. 408), and this latter case was cited in the opinion delivered by the learned judge at General Term in the case at bar. We think that case should not be followed.

"But upon the ground that no such reasonable doubt exists in this case from the facts disclosed at the trial, we think the judgment of the court below should be affirmed, with costs."

*William F. Mac Rae* for appellant.

*J. A. Beall* for respondent.

PECKHAM, J., reads for affirmance.
All concur.
Judgment affirmed.