## HENRY C. PARMLY ET AL.
## v.
## BENJAMIN F. HEAD.

*Agency— Sales — Real Property— Commission — Defective Title—Evidence—Instructions.*

1. A real estate broker who procures a purchaser, able, willing and ready to complete a sale on the terms stipulated between him and the seller, is entitled to his commission if the sale fails through the default of the seller, or his inability to make a good title.

2. Where the commission is to be paid if the sale goes through, the same can not be recovered, where a person procured by the broker verbally agrees to make the purchase, and afterward for no legal reason refuses to do so.

3. An instruction should be given, when the evidence justifies the argument to the jury that the facts supposed therein are true, and upon the assumption made the law is correctly stated, and the proposition in question is contained in no instruction given.

4. A purchaser of real estate is entitled to a merchantable title.

5. Whether or not a title is defective, is a question of law for the court.

[Opinion filed May 8, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. WALLACE HECKMAN, for appellants.

Mr. GEORGE W. PLUMMER, for appellee.

MORAN, J.   This action was brought to recover from appellants $1,000 commissions which appellee claimed was due to him for services about the sale of certain land.   Appellee was not retained by appellants to find a purchaser for the land, but, knowing that they would sell it, he communicated with parties who he knew would like to buy such land, and after some correspondence about the price and talks with appellants, the latter offered to sell for $73,000.   Appellee relates what occurred with reference to commissions as follows:

"We had a meeting in Mr. Parmly's office, Mr. Parmly, Mr. Farrar and myself, and at that meeting the question of commissions came up in regard to the sale.   I said, gentlemen, you know what the usual commission is on such a sale here, two and one-half per cent.   Well, they said it is quite a large deal, and we are making some concessions, and you must take less than that for your commissions.   I said, gentlemen, if you make the sale promptly and quickly I will agree to take $1,000.   Then they said that if the sale went through at $73,000, they would give me $1,000; if I got these parties up and got them $73,000, that I was to have $1,000."

Appellee thereupon telegraphed the proposed purchasers, and they met appellants at their office and a verbal agreement was made that said purchasers would take the property at $73,000.   The abstract was given to the parties to be examined, and after some time appellee stated to appellants that the purchasers' attorneys would not pass the title ; that there were defects in it that could be cured by filing a bill under the burnt record act; but appellants claimed that the title was good, that they had bought it so, and they did not propose to make any correction in it, and they would not file such a bill, and consequently the sale did not go through.

At the trial, appellee put in the testimony of attorneys to prove that the title was defective, and appellants introduced the evidence of other attorneys to sustain their contention that the title was not defective.

The court gave to the jury, at the request of appellee, the following instruction:

"*Second.* The jury are further instructed that if they believe from the evidence that an agreement was made between the plaintiff and the defendants whereby the defendants agreed to pay to the plaintiff the sum of $1,000 for procuring and furnishing a purchaser for the land in question, and if the jury further believe from the evidence that, pursuant to said agreement, the plaintiff did procure and furnish a purchaser, who was accepted by the defendants, and with whom the defendants made an agreement for the sale of said land upon the terms given by the defendants to the plaintiff, then the jury are instructed that the plaintiff has earned and is entitled to the commission or compensation agreed upon to be paid to him, if from the evidence they find any such agreement was made."

The giving of said instruction was manifest error. There is no evidence in the record to sustain the first hypothesis contained in it. Appellee did not pretend in his testimony that he had been engaged to procure a purchaser for the land, but expressly testified that the agreement was that if the sale went through, and he got the parties then in negotiation to give $73,000 for the land, he was to have $1,000.

The remainder of the instruction is also faulty and does not state the law correctly, as applicable to this case. It was not enough to entitle him to recover under the facts of this case, that the broker should procure a purchaser who was accepted by defendants, and with whom they made a verbal agreement for the sale of the land. His purchaser must not only be accepted and agree to purchase, but he must also carry out the agreement unless prevented by the fault of appellants. The rule is, that if the broker procures a purchaser able and willing and ready to complete the purchase on the terms stipulated between the broker and the seller, the broker shall have his compensation notwithstanding the sale is not consummated, if it fails through the default of the seller, or his inability to make a good title. But where the compensation is to be paid if the sale goes through, the broker does not entitle himself to claim it, if he brings a purchaser who says he will buy, and verbally agrees to do so, but who, for

no legal reason, refuses to complete the transaction.    Hamlin v. Schultz, 34 Minn. 534, and cases there cited.    The court refused to give the jury the following instruction in behalf of defendants:

"*Eighth.*    The jury are instructed that even though they may believe, from the evidence in the case, that Messrs. Parmly Brothers and Farrar agreed to pay the plaintiff $1,000 for selling the property referred to in this case for $73,000, and that Dr. Shepard was procured by the plaintiff, and did at one time express a willingness to buy said property at said price, still, if the jury further believe from the evidence in the case that said Shepard did not buy said property at said price, but afterward refused to do so, and that the real cause of such refusal was not any defect or supposed defect in the title to said property, but was in reality the fact that said Shepard found an opportunity to buy other lots adjoining said property which he preferred to said property, then the defendants are not responsible in law for the failure of said Shepard to buy said Parmly and Farrar property, and the jury should find for the defendants."

The refusal was error.    There was evidence on which appellants were entitled to argue to the jury that the facts supposed in the instruction were true, and upon the assumption made the law was correctly stated, and the proposition is contained in no instruction given.    Reidle v. Mulhausen, 20 Ill. App. 68; Stearns v. Reidy, 18 Ill. App. 582.

Appellants assign for error the refusal to give their instruction No. 7.    We think it was properly refused.    It tells the jury in substance that the purchaser would not be justified in refusing to complete the purchase on objections to the title if they "believe from the evidence that the title to said property was not substantially defective."    Whether a title is defective is a question of law for the court.    The jury should find the facts, but it is for the court to say whether they constitute defects, or whether, on the whole, the title is defective.    Then the phrase "not substantially defective," is loose and indefinite.    A purchaser is entitled to a merchantable title, a marketable title—such a one as will

bring in the market as high a price with, as without the objection. Parker v. Porter, 11 Ill. App. 605; Brown v. Cannon, 5 Gilm. 174.

Other errors complained of we deem it unnecessary to discuss, as they are not likely to occur on another trial.

For the errors indicated the judgment will be reversed and the case remanded.

*Reversed and remanded.*