### BEARNS *v.* MELA.

*(Supreme Court, General Term, First Department.* June 6, 1890.)

VENDOR AND VENDEE—RIGHTS OF VENDEE—DOUBTFUL TITLE.

Testator devised all his property to his executor in trust to receive the income, pay it to testator's mother during her life, and, on her death before two certain children should become 21 years of age, to apply it to their support, etc., until that time, and, if the mother had died before that time, the property was then to be equally divided between the children, and, in case of the death of either leaving lawful issue, such issue was to take the share of the decedent. There was no devise of the estate given to the executor until both the children became 21 years of age. *Held,* that the validity of the trust and of a power of sale given to the executor to aid in its execution was so uncertain on the ground that the will unlawfully suspended the power of alienation, that one who had agreed to purchase the property from the executor would not be compelled to take the title.

Case submitted on agreed statement.

Action by Joseph H. Bearns, executor of Alexander Wing Fisher, against Ferdinand H. Mela, to enforce a contract of sale of certain realty, and to compel payment of the purchase money.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Rabe & Keller,* for plaintiff. *Charles Putzel,* for defendant.

VAN BRUNT, P. J. There being no evidence furnished to the court that the papers, as required by the provisions of the Code, have been filed with the clerk of the court, we might very well on that ground decline to entertain the submission. In order that the court may acquire jurisdiction it is necessary that proof should be furnished of the jurisdictional facts, one of which is that papers should be filed in the office of the county clerk. The plaintiff in this action entered into a contract whereby he agreed to sell to the defendant certain premises. At the time fixed for the delivery of the deed the defendant refused to take title, upon the ground that the trust attempted to be created by the will of one Fisher, of whom the plaintiff was acting as executor, was invalid, in that it unlawfully suspended the power of alienation; and that the power of sale in the will is inseparably connected with the trust, and falls with it; and also that, if the trust is adjudged to be valid, the plaintiff has no

power to sell until after the death of the life-tenant. It is very clear that judgment in favor of the plaintiff, compelling the defendant to take this title, cannot be rendered if there is any reasonable doubt as to the character of the title which the defendant will acquire by the conveyance tendered to him by the plaintiff. The court is obliged to construe the provisions of a will without having the parties before it to make such construction conclusive. And therefore, if there is any reasonable question as to the construction which is to be placed upon the will, the defendant should not be compelled to take title to this property, because he does not get a marketable title, viz., one free from reasonable doubt. We think, upon an examination of the will in question, there may be doubt in reference to the validity of the trust and the power of sale, and therefore the defendant should not be required to take the title. The said Fisher of whom the plaintiff is executor died seised of the premises in question, leaving him surviving his mother and a brother and sister of the half blood, and also a last will and testament in which he devised to his executor, the plaintiff, all his property, in trust—*First*, to receive the rents, issues, and profits thereof; *second*, to pay the same unto his mother during her natural life; and, *third*, upon the death of his mother before his half brother and sister shall have arrived at the age of 21 years, he directs his executor to apply the rent, income, and profits of said real estate for the support, education, and maintenance of said half brother and sister until they respectively arrive at the age of 21, and then, upon the death of the testator's mother, and upon the said half brother and sister arriving at the age of 21, he gave and devised unto his said half brother and sister all his estate of every kind, to be equally divided between them, and, in case of the death of either leaving lawful issue, such issue was to take the share his, her, or their parent would have taken if living, to be equally divided between them share and share alike, to them, their heirs and assigns, forever. It is claimed upon the part of the plaintiff that this devise is similar to that contained in the will which was considered in the case of *Monarque* v. *Monarque*, 80 N. Y. 321. But upon an examination of that case it will be seen that there is a distinction which makes the construction of the devise under consideration too uncertain to compel a purchaser to take title dependent upon the validity thereof. In the case cited by the first clause of his will, the testator gave to his widow. the use of all his personal and real estate during her life; by the second, he gave all income arising from his estate to his four daughters, "to be divided equally between them share and share alike, during their and each of their respective natural lives, remainder to their respective children, and to their respective heirs and assigns, forever." This latter clause in reference to the remainder is conspicuously absent from the will now under consideration. The presence of this clause showed that it was the intention of the testator that from the time of his death the children of his daughters should take a vested remainder in his estate; and that, upon the death of a daughter leaving children, he intended that such children should be entitled to an estate in possession. Under these circumstances, the court held that there was no suspension of the power of alienation beyond the period limited by the statute. In the case at bar there is no such provision in regard to the remainder; upon the contrary, there is no devise of such remainder except upon the half brother and sister arriving at the age of 21 years. The language of the testator is that upon the death of his mother, and upon said half brother and sister arriving at the age of 21, he gave and bequeathed unto them all his estate, etc. There is nothing which devises the estate which has previously been given to his executor until those two children arrive at 21 years of age. If they were both living, and one arrived at the age of 21, no title would vest in the one so arriving until the other had attained that age; and if either died prior to arriving at 21 there would be no devise until the other arrived at 21, thus contravening the statute. But it may be argued that the testator provided that,

in case of the death of either leaving lawful issue, such issue was to take the share his, her, or their parent would have taken if living. But it is difficult to establish that such issue can take anything until the parent would have arrived at 21 years, because there appears to be no devise to such parent until he or she arrives at 21; and if the children are to take what the parent would have taken, and the parent would have taken nothing until arriving at 21, there is nothing for the children to take until that time elapses. It is possible that a different construction may be placed upon this clause, but it is by no means certain that it can be brought within the the rule laid down in *Monarque* v. *Monarque, supra*. It appears from a reading of the will that the power of sale is distinctly connected with the trust, is part and parcel of it, and was given to aid in the execution of the trust, and for no other purpose whatsoever. Under these circumstances, we do not think that the defendant should be compelled to take the title which has been offered, and judgment is given for defendant accordingly, with costs. All concur.