76  271
18ap466

HENRY H. LANDON and EDWARD H. LANDON, as Executors, etc., Plaintiffs, v. GEORGE W. WALMUTH, Defendant.

*Power of sale — when it does not cover property devised specifically and absolutely — a stipulation as to costs does not bind the court.*

The will of a testator contained the following provision: "I authorize, empower and direct my said executors to sell my real estate, wheresoever situated, whenever, without coming in conflict with the eighth provision of this will, they shall deem a sale thereof expe'ient and proper." The will also contained a devise, after the arrival at age of certain of the testator's chil-

dren, or their death before that time, of the residence of the testator at the time of his death, and other property, to the testator's wife in fee simple absolute. It provided that in case of the death of the testator's wife before his death, his children and their issue *per stirpes* should take the property thus devised to the testator's wife, and contained other provisions for the distribution of this property in case of the death of any of the children before his own death.

By a codicil the testator devised the property, given by his will to two of his daughters, in trust, and by a subsequent codicil created a similar trust in favor of one of his sons. The wife of the testator died before him, and he left him surviving all of his children, who were, at the time of his death, of full age.

At his death the testator owned and resided in premises in the city of New York. Subsequently the executors appointed in his will made a contract of sale of these premises under the power of sale contained in the will. At the time appointed for the delivery of the deed under the contract, the executors tendered their deed and the defendant tendered the consideration, but refused to accept the deed of the executors on the ground that they did not have power under the will to convey the property. The executors subsequently tendered a deed, executed by all of the children of the testator, and the wives of those who were married, and also a deed executed by the trustees mentioned in the first and second codicils to the will, but the purchaser refused to accept the deeds as a performance of the contract.

This action was brought by the plaintiffs, the executors, to compel specific performance of the contract, the plaintiffs urging that the power of sale contained in the will being a general power applied to all the real estate of which the testator died seized and included the premises in question.

The property in question was by the will kept separate and apart from the balance of the estate, and was not to fall into the residuary estate and be divided with the rest of testator's property, but went directly to his children and the trustees for certain of them.

*Held*, that under the will there was grave doubt as to whether the power of sale contained in it applied to the property in question, and as to whether the testator did not intend that the general provision in regard to the power of sale should not apply to this property, especially in view of its subsequent absolute devise to his children and their issue *per stirpes* upon the death of the testator's wife;

That the testator clearly intended by the codicil to devise real estate to the trustees of his daughters, and as no power of sale was given to the trustees, it was evidently the intention of the testator to reserve from the general power of sale in the will this particular property;

That this view was sustained by the fact that in the second codicil, under which certain property was devised in trust for one of his sons, an express authority to sell real estate was given;

That it could not be said that it was the intention of the testator by the general power of sale in his will to enable his executors to sell the real estate which he had absolutely bequeathed to his wife, and as that portion of the estate went

to the trustees for two of his daughters under the codicil to the will, that the title tendered to the defendant was not a marketable title or free from reasonable doubt.

The parties to this submission agreed that the decision should be without costs.

*Held,* that there was no power in the parties to take from the court its discretion as to the allowance of costs, and consequently that the defendants should be allowed their costs of this proceeding. (PARKER, J., dissenting.)

SUBMISSION of a controversy without action upon an agreed statement of facts, under section 1279 of the Code of Civil Procedure.

The questions submitted to the court were as follows:

(1) Have the plaintiffs, as executors under the last will and testament of Charles G. Landon, full power and lawful authority to sell and convey the premises described in the said contract?

(2) Will a deed of the said real property contracted to be conveyed, executed by the plaintiffs, as such executors, give a good, sufficient and marketable title thereto to their grantee?

(3) Will a deed of the said decedent's real property contracted to be conveyed, executed by the plaintiffs, as such executors, together with a deed of the said real property executed by Henry Hutton Landon and Carrie L. Landon, his wife, Edward Hunter Landon and Mary G. Landon, his wife, Francis G. Landon, Annie Landon Howes and Mary Gordon Pratt, give a good and sufficient title thereto to their grantee?

(4) Will a deed of the said decedent's real property contracted to be conveyed, executed by Henry Hutton Landon and Carrie L. Landon, his wife, Edward Hunter Landon and Mary G. Landon, his wife, Francis G. Landon, Annie Landon Howes and Mary Gordon Pratt, give a good and sufficient title thereto to their grantee?

(5) Have Henry Hutton Landon and Edward Hunter Landon, as trustees under the provisions of the first codicil, and Edward Hunter Landon and Frank Griswold Landon, as trustees under the provisions of the last codicil of the last will and testament of Charles G. Landon, power to sell and convey the said real property of the decedent to the extent of the interests represented by them respectively?

(6) Will a deed of the said property of the decedent contracted to be conveyed, executed by the plaintiffs, as such executors, together with a deed executed by Henry Hutton Landon and Carrie

L. Landon, his wife, Edward Hunter Landon and Mary G. Landon, his wife, Francis G. Landon, Annie Landon Howes and Mary Gordon Pratt, and a deed executed by Henry Hutton Landon and Edward Hunter Landon, as trustees under the provisions of the first codicil, and Edward Hunter Landon and Francis G. Landon, as trustees under the second codicil of the said last will and testament of Charles G. Landon, deceased, give a good and sufficient title thereto to their grantee?   *   *   *

Judgment shall be rendered herein, without costs to either party as against the other.

*H. W. Taft*, for the plaintiffs.

*Moses Weinman*, for the defendant.

VAN BRUNT, P. J. :

In August, 1874, one Charles G. Landon, a resident of the city of New York, at No. 7 East Fourteenth street, made his last will and testament, by which, after having directed the payment of his just debts and funeral expenses, it was provided as follows :

" *Second.* I give, devise and bequeath to my executors hereinafter named, all my property and estate of whatsoever kind or nature, to be by them held, controlled and managed, without division or partition, until my son Francis Griswold Landon, now aged fourteen years, shall arrive at the age of twenty-one years, and if he shall die before that time, then until my daughter Mary Gordon Landon shall arrive at that age, and out of the income and avails thereof, to maintain and support my wife and family and to educate my younger children in a manner suitable to their condition and prospects in life. In case such income is not sufficient for that purpose my executors are empowered to sell sufficient of my estate for such purpose until my said son Francis shall arrive at the age of twenty-one years. In case my said son Francis and my daughter Mary shall die before arriving at such age, and all my other children shall be of full age, then the provisions of this my will hereinafter contained shall be carried into effect in the same manner as if my said son had arrived at the age of twenty-one years at the time of his death.

" *Third.* After my son Francis G. Landon shall arrive at the age of twenty-one years, or if he and my daughter Mary Gordon Landon shall die before that time, all my other children now being of

full age, then, that is to say, after the happening of either of said events, I will and direct as to and concerning my said property and estate as follows : I give, devise and bequeath to my beloved wife, Susan Gordon Landon, in fee simple absolutely forever, my house and lot No. 7 East Fourteenth street, in the city of New York, or such other house as I shall own and reside in at the time of my decease, together with all the furniture, beds, bedding, chinaware, plate, pictures, ornaments and property of all kinds in and about such house, belonging to me, and my horses, carriages, harness, robes and horse and stable equipment and furniture of all kind."

Then, after providing for an annuity to his brother and sister and to his wife, he directed his executors to divide the residue and remainder of his estate on the arrival of his youngest child at the age of twenty-one years into six portions, giving one part to his wife and one to each of his children, and then, after having made some provision in regard to real estate owned by himself and his partner, and after appointing his wife guardian of his infant children and naming his executors, the will proceeded as follows :

" *Thirteenth.* I authorize, empower and direct my said executors to sell my real estate wheresoever situate, whenever, without coming in conflict with the eighth provision of this will, they shall deem a sale thereof expedient and proper, and to execute good and sufficient deeds to purchasers upon any sale thereof or any parts thereof ; *to collect and receive the rents, issues and profits thereof ; to repair and improve the same out of my personal estate and the proceeds of* my real estate sold, and generally to manage, control and dispose of the same as they shall see fit.

" *Fourteenth.* In case of the death of my wife, Susan Gordon Landon, before my death, my said children and their issue *per stirpes* shall take the share, property and estate herein devised and bequeathed to my said wife in equal proportions.

" *Fifteenth.* In case of the death of either of my children before my son Francis Griswold Landon shall arrive at the age of twenty-one years, without issue, the share to which the child so dying would have been entitled under this my will, if death had not intervened, shall go to the survivors or the survivor of my said children and the issue of such as shall be dead *per stirpes* in equal shares.

"*Sixteenth.* If either of my children shall die before the time of my death, leaving issue, then the share herein given to the said child shall go to his or her issue *per stirpes*, but if there be no issue of such child so dying then his or her share shall go to my surviving children or their issue *per stirpes*."

In November, 1874, the testator made a codicil to his will, revoking the legacies, devises and bequests to his two daughters in said will contained, and in lieu thereof he gave, devised and bequeathed all sums of money or property, real or personal, which would go to his daughters under and by virtue of said will to two of his sons in trust, and then states the nature of the trust. In August, 1885, the testator made an additional codicil by which he revoked all and every provision in his will and codicil for his son Henry H. Landon, except the provision making him one of his executors, and in lieu thereof he gave, devised and bequeathed to his other two sons the portion or share of his estate which in his said will and codicil he had given, devised and bequeathed to his said son, in trust for certain purposes, among which was to sell and dispose of his estate, both real and personal, at such times and in such manner as to said trustees might seem advisable, and to invest and reinvest the proceeds, etc.

On the 3d of October, 1885, the wife of the testator died, and the testator himself died on or about the 23d of March, 1893, owning and residing in the dwelling house known as No. 428 Fifth avenue. All the children of the testator survived him and are now living, and at the time of his death were and now are of full age. The will and codicils were duly admitted to probate, and on the 11th of October, 1893, the plaintiffs, as executors of the will of Charles G. Landon, deceased, entered into a contract with the defendant for the sale of the premises 428 Fifth avenue, in which the testator resided at the time of his decease. Upon the date and at the place appointed for the delivery of the deed mentioned in the contract, the plaintiffs tendered to the defendant their executors' deed, and the defendant tendered the consideration, but refused to accept the deed as a compliance with the contract upon the ground that the plaintiffs did not have power, under the will, to convey said property. To meet this objection, the plaintiffs, in addition to said executors' deed, tendered to the defendant a deed purporting to con-

vey said premises, duly executed and acknowledged by all the children of said testator, and the wives of the married sons of the testator, and also a deed executed by the trustees mentioned in the first and second codicils to his will. The defendant again refused to accept the deeds as a compliance with the contract.

Upon this state of facts various questions are presented; but there is only one which it seems to be necessary to determine, and that is whether the plaintiffs tendered to the defendant a marketable title and one free from reasonable doubt. And the answer to this question depends upon the construction of the will and codicils of Charles G. Landon.

It is urged upon the part of the plaintiffs that, there being a general power of sale contained in the will, it applied to all the real estate of which the testator died seized, wherever situate, and included the premises in question.

There seems to be very grave doubt as to whether it was not the intention of the testator to exempt from the powers of sale contained in the will the premises bequeathed to his wife. Upon the arrival of his youngest son at the age of twenty-one the gift of the premises in which he might live to his wife was absolute, and over them his executors had no control whatever after the happening of this event. It was undoubtedly the intention of the testator that until this time arrived all his children should live with their mother as one household. But when that time arrived then the house in which he lived was to belong to his wife absolutely, and a provision was to be made for her support out of his remaining property. And that he did not intend that this general provision in regard to the power of sale should apply to this property is further emphasized by the fourteenth clause of his will in which he says: "In case of the death of my wife, Susan G. Landon, before my death, my said children and their issue *per stirpes* shall take the share, property and estate herein demised and bequeathed to my said wife in equal proportions."

This devise is given after the general power of sale is conferred, keeping this property distinct from other portions of his estate and making a separate disposition of the same in case of the death of his wife. It was not to fall into the residuary estate; it was not to be divided up with the rest of his estate; it was bequeathed directly

to his children, and they would have taken it under this will absolutely had it not been for the codicil subsequently made. But by the first codicil he revokes all the provisions made in his will for his two daughters, and he places their share or interest in trust, and there is no power of sale contained in that codicil in respect to the interest or share of such daughters. As far as their interest in the other portions of the estate is concerned, it was unnecessary because the power of sale contained in the will enabled the executors to sell the real estate for the purposes of division. That under this codicil real estate was intended to be devised to the trustees is evident because he says he gave, devised and bequeathed all sums of money and property, real or personal, which would go to his daughters, and in respect to this real property in question no power of sale was given. It is apparent that the only real property which the testator had in mind as passing under this codicil was the real estate which had been devised to his wife, and which in the event of her death was to go in part to his daughters. He evidently contemplated that the balance of his estate should be divided amongst his children, not in realty, but after a sale for the purpose of division. In the subsequent codicil, where he revoked the provisions of his will for one of his sons, and in which he devised the portion or share of his estate which in his will he had bequeathed to his said son to certain of his other sons as trustees, there is an express giving of authority to sell and dispose of real estate, etc., which is conspicuously absent in the provisions of the previous codicil. Under these circumstances can it be said that it was the intention of the testator that the general provision of the will should enable his executors to sell real estate which he had absolutely bequeathed to his wife? If it was not, then the portions of his daughters in such real estate went to trustees who had no power of sale over such interest.

Can it be said then that the title to this real estate tendered to this defendant is a marketable title and free from reasonable doubt? We think not, and that under the principles laid down in *Kilpatrick* v. *Barron* (125 N. Y. 751) the defendant should not be compelled to take.

It is true, since the decision of *Fleming* v. *Burnham* (100 N. Y. 1), the Court of Appeals has decided in at least one case that where only questions of law were involved, in an action of this

description, the court was bound to interpret the will and give judgment accordingly. But we think that the later decisions have gone to this length, and that the case first cited should control in the disposition of this controversy.

The defendant is, therefore, entitled to judgment. We notice that the stipulation of the parties is that the judgment should be without costs. But we know of no power in the parties to take away the discretion which the Code absolutely gives the court in controversies of this description, and, therefore, costs are allowed.

Judgment should be ordered for defendant, with costs.

O'BRIEN, J., concurred. ·

PARKER, J.:

I concur in the opinion except in so far as it refers to the question of costs. It is true that the provision of the Code governing the submission of a controversy upon agreed facts does not give to the successful party costs as a matter of right, but commits to the judicial discretion of the court the duty of determining whether costs should be granted or withheld. Were the Code silent on the subject of costs in such a proceeding the prevailing party could not recover costs either with or without the aid of the court. By the Code the right to costs is given when the facts are such as to require the court, in a judicial exercise of the discretion committed, to award them. When awarded, it is by way of indemnity to the party because of the expense incurred in securing his legal rights, and is beneficial to him. Now, it is difficult to see why a party may not waive such an advantage or benefit as well as another. Why he may not deprive himself by his consent of that which may, for convenience, be called a contingent benefit as well as of an absolute one. Why he may not deny to himself the right to costs which may be awarded in the discretion of the court as well as of costs which the Code awards absolutely to a successful party in an action at law. There is no right which a man has which he may not waive. He may waive rights which are secured to him by statute or organic law. And that which he duly waives the court has no power to award to him. I think costs should not be allowed.

Judgment ordered for the defendant, with costs.