GRAY v. DANIELS.

(Supreme Court, Appellate Division, Fourth Department. June 12, 1897.)

JUDGMENT—PRECEDENT DECISIONS—AGREED CASE.

    A judgment on agreed facts against a member of a beneficial association
    for an assessment will be required to provide that it shall not be a prece-
    dent against other members, where the submission was for the purpose of
    obtaining such a precedent; defendant not appearing, and the other mem-
    bers not being represented by counsel.

Submission on agreed facts of a controversy between Henry Win-
throp Gray, as receiver of the United States Mutual Accident Asso-
ciation of the City of New York, and Augustus H. Daniels. Judg-
ment for plaintiff.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN,
and WARD, JJ.

Martin W. Cooke, for plaintiff.

PER CURIAM. The United States Mutual Accident Association
of the City of New York was incorporated under chapter 175 of the

Laws of 1883, and the acts supplementary thereto and amendatory thereof; and, after the passage of chapter 690 of the Laws of 1892, —the insurance law,—it continued business under that statute until June 26, 1895, when it was dissolved. Its business was conducted on the co-operative or assessment plan. November 26, 1894, Augustus H. Daniels, of Rochester, N. Y., became a member of this association, and was insured by it for $5,000, payable in case of his death caused by an accident, and in addition he was entitled to a certain weekly compensation for personal injuries resulting from accidents. He continued to be a member of the association until June 26, 1895, when the corporation was dissolved because of its insolvency, and Henry Winthrop Gray was duly appointed the receiver thereof. By an order of the supreme court entered June 10, 1896, made upon the application of the receiver, an assessment was levied upon the members of the association amounting to $465,869.51. It is agreed in the case submitted that the unpaid liabilities of the association which accrued during the membership of Augustus H. Daniels amounted to $239,634.63, and that the proportionate share of said Daniels of such liabilities at the time of the appointment of the receiver was $6.80. By an order of the supreme court entered January 25, 1897, the receiver was authorized to agree with him upon a case, to be submitted to this court, presenting the question whether he is liable to pay said sum of $6.80. The receiver is represented by counsel, and insists that the assessment ordered is binding on the defendant. The defendant is not represented upon this submission, and makes no defense. A judgment will therefore be ordered against him for $6.80, with interest from June 10, 1896, with costs. This submission was evidently entered into for the purpose of obtaining a decision that the members of the association were liable for the assessments made against them, but as they have not been represented by counsel, or their interests in any way protected, this judgment will not be regarded as a precedent against any member of the association contesting his liability to pay an assessment against him. The liability of members will be regarded as an open and undetermined question, notwithstanding this decision. The judgment entered on this decision must contain a provision to this effect. The submission makes no provision in respect to costs. Whether parties to a submission can, by agreement that neither shall be entitled to costs against the other, bind the court not to allow costs, is a disputed question. Landon v. Walmuth, 76 Hun, 271, 27 N. Y. Supp. 717; Brenen v. North, 7 App. Div. 79, 39 N. Y. Supp. 975. But, as the submission in this case is silent in respect to costs, this court may exercise its discretion. The receiver, having borne the entire burden of preparing this submission for hearing, and having made the only brief presented, is entitled to costs as against this defendant.

A judgment is ordered against the defendant for $6.80, and interest thereon from June 10, 1896, with costs of this submission, to be taxed.