<hr/>

(61 App. Div. 179.)

### MARKS v. HALLIGAN.

(Supreme Court, Appellate Division, First Department. May 10, 1901.)

VENDOR AND PURCHASER—CONTRACT OF SALE—CONSTRUCTION OF WILL.

 A testator devised all his estate to his wife for life, and the property
 in controversy in remainder to defendant, for his "use, benefit, and be-
 hoof, in trust for his children." Defendant contracted to sell plaintiff
 the property, and give a good marketable title thereto, plaintiff making
 a payment on such contract. Held, in an action to recover the expense
 of examining the title, and the advanced payment for defendant's failure
 to give a good marketable title, that the construction to be applied to the
 provisions of the will was attended with grave doubt, it not appearing
 but that defendant might have children who might be entitled to share
 in the property, and hence the plaintiff was entitled to recover, the title
 tendered by the defendant not being marketable.

Action by Abraham Marks against Joseph W. Halligan. Submis-
sion of controversy on an agreed statement of facts. Judgment di-
rected in favor of the plaintiff.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN,
PATTERSON, and INGRAHAM, JJ.

William H. Stockwell, for plaintiff.
John J. Brady, for defendant.

HATCH, J. Plaintiff and defendant entered into a written con-
tract for the sale and purchase of certain real estate on 125th street,
in the city of New York, and plaintiff, the vendee, paid upon the con-
tract $500, and has incurred an expense of $215 in the examination
of the title, which expenditure is admitted to be reasonable. At the
time and place agreed upon by the parties for the closing of the con-
tract and passing of title, the defendant tendered to the plaintiff a
deed of the premises, executed in the form and manner provided in
the contract, but the plaintiff refused to accept the same, or to pay
the balance of the purchase money; claiming that the defendant was
unable to convey the premises by a good marketable title in fee sim-
ple. Plaintiff demands judgment against the defendant for the sum
of $500 paid upon the purchase money, and for the further sum of
$215, the expense of examining the title, with interest on said sums

from June 28, 1900, besides costs. Defendant demands judgment. against the plaintiff for a specific performance of the contract accord-· ing to the terms thereof, with costs.

The validity of the defendant's title to the premises in question de-· pends upon the judicial construction of the last will and testament of Abraham Soper, and a codicil thereto, and the regularity and suffi- ciency of a certain proceeding for the sale of infants' real estate, had after the testator's death. Abraham Soper died seised of the real estate in March, 1873, and his will and the codicil thereto were duly admitted to probate as a will of both real and personal property on. April 15, 1873, by the surrogate's court of the county of New York, and are recorded as such. By his will testator devised and be- queathed all his estate to his wife for the term of her life, or as long· as she remained his widow, but made no disposition of the remainder. By the codicil executed on the same day, the devise and bequest to the· wife was confirmed, and the residuary estate, including the premises in question, was divided into seven parts, and separately disposed of. The most serious question affecting the title to the premises arises· under the fifth paragraph of the codicil, which is as follows: "Fifth. And the remaining five parts or five-seventh parts thereof to be used. and disposed of as follows, viz.: I will and bequeath to my son Wil- liam R. Soper one-fifth of the five-seventh parts, for his use, benefit,. and behoof, in trust for his children." What is the effect of this pro- vision, and what construction shall be placed upon it? It is con- tended by the plaintiff that an estate in trust is intended, with no· power of sale, or, if not, an estate for life in the son, with remainder over to his children; that, if a trust was created, the trust term has not expired, and the court had no power to direct a sale contrary to· the provisions of the will; that if an estate for the life of William R., with remainder over to his children, was intended, William being· still alive, the remainder was vested in the children of William, of' whom there were two at the death of the testator, subject to open and let in after-born children, in which event the title of defendant is open to the possible attack of such after-born child or children. It is the claim of the defendant that the effect of this clause of the will was to vest in the son William an estate in fee simple absolute; that the clause, "in trust for his children," is void, and vested no estate in the children, and did not cut down the estate vested in William by the preceding language of the clause; that, in fact, the attempt to create a trust having failed, this provision of the will is to be con- strued as though it were wholly omitted.

It is clear that the words of limitation appearing in this clause are insufficient to create an estate of any character, either in trust or oth- erwise. It is not one of the four trusts for which the statutes make provision, and it is insufficient in terms to create a power in trust,. and, besides, no one is appointed to execute the same, nor is provi- sion otherwise made to give it any force or effect whatever. It does· not necessarily follow, however, that the failure to create an estate in· trust is to have the effect of disregarding this language as an aid in the construction of this provision. The rule is well settled that the· whole provisions of the will, and all the language contained in any·

particular provision, may be laid hold of in order to determine the intent of the testator, and in reaching such result void as well as valid provisions of the will may be considered. Van Kleeck v. Dutch Church, 20 Wend. 457; Kiah v. Grenier, 56 N. Y. 220; Tilden v. Green, 130 N. Y. 29, 28 N. E. 880, 14 L. R. A. 33. The will as a whole does not disclose any particular scheme beyond the fact that the testator intended to give a life estate to the wife, so long as she remained his widow, and the remainder to the children and their issue. As to some of the children, an estate in fee simple is devised; as to others, a life estate or an interest in income. Very little aid, therefore, is found in the other provisions of the will in reaching a construction of the clause in question, and for the most part resort must be had to its language alone. It is probably true that, if there be excluded from this clause of the will the void provision, there remains language which might vest in William a fee simple absolute. The language, however, is entirely appropriate to the creation of a limited estate, if any force be given to the qualifying words. The usual form for a devise in trust is first to vest an estate in fee, and then qualify it by appropriate language, and, if we lay hold of the qualifying clause in this provision, it indicates an intent upon the part of the testator to limit the estate in William to his life, with remainder over to his children. The language of the clause indicates with considerable force that such interpretation ought to be made. The devising paragraph is contained in one sentence, and there is no division, either of punctuation or otherwise, separating the void provision from the devising words. It seems to be incapable of separation, except by arbitrary exclusion of the void provision, and unless it be so arbitrarily excluded then the language might be construed as indicating an intent on the part of the testator to limit the estate of William. The defendant, however, invokes the rule that, where there is a primary devise so framed as to convey a definite and distinct estate, it may not be cut down by later words, which are ambiguous or inferential; and such is the rule of many cases. In re McClure, 136 N. Y. 238, 32 N. E. 758; Clarke v. Leupp, 88 N. Y. 228. Ordinarily, the language used to cut down the estate must be as certain in terms as that which vests the estate. Yet this rule is subject to the qualification that, as the intent of the testator is at all times the primary purpose to be arrived at, resort may be had to such language, even though it be' not in terms as broad, by way of limitation, as is the disposing clause, and such is the rule of all the cases. Roe v. Vingut, 117 N. Y. 204, 22 N. E. 933.

As resort for purposes of construction may be had to the void provision, and it appearing in a single paragraph with the disposing clause, without any separation whatever, and as it is expressive of an intent upon the part of the testator, it is at once apparent that its correct construction presents an extremely doubtful question of law, to say the least. Upon the one hand, it may be said that the words of limitation are not as broad and complete as is the disposing clause, and that, therefore, it is insufficient to cut down the estate. Upon the other hand, it is to be said that the language expresses intent upon the part of the testator to limit the estate. Clearly, then, a case is presented where the rule to be applied is attended with grave doubt,

difficulty, and perplexity. Under such circumstances, it is not at all necessary that we determine the proper construction of this will. The plaintiff is entitled to a marketable title, free from reasonable doubt arising out of a disputed question of fact or a doubtful question of law, where the person who may become entitled to share in the estate is not a party to the record. Fleming v. Burnham, 100 N. Y. 1, 2 N. E. 905; Vought v. Williams, 120 N. Y. 253, 24 N. E. 195, 8 L. R. A. 591; Crouter v. Crouter, 133 N. Y. 55, 30 N. E. 726; Greenblatt v. Hermann, 144 N. Y. 13, 38 N. E. 966; Simis v. McElroy, 12 App. Div. 434, 42 N. Y. Supp. 290.

In the present case, the party who may become entitled to take is not a party to the record, and whether he ever will exist depends upon the contingency of the birth of a child or children to William R. Soper,—an event which may happen. If it does happen, it is clear that the estate may be charged with such interest, and therefore a defect in the title might be created, if the estate of William be held to be a life estate. The devise is to his children, and the rule, under such circumstances, is that, where a particular estate is carved out with a gift over to the children of the person taking that interest, such gift embraces not only the object living at the death of the testator, but all who may subsequently come into existence before the period of distribution arrives. 2 Jarm. Wills, 157; Schouler, Wills (3d Ed.) § 529; Stevenson v. Lesley, 70 N. Y. 512; Moore v. Littel, 41 N. Y. 66. This discussion serves to show that the defendant has not tendered to the plaintiff a marketable title, free from reasonable doubt.

So far as the proceedings for the sale of the infants' interest in this real estate are concerned, it is quite probable that no defect of the title is created. Aldrich v. Funk, 48 Hun, 367, 1 N. Y. Supp. 541; Cole v. Gourlay, 79 N. Y. 527.

If these views are correct, it follows that judgment should be directed for the plaintiff for the amount of the purchase money already paid, together with the costs and expenses of examining the title and the costs of the action. All concur.