### WEINSTEIN v. KRATENSTEIN.

(Supreme Court, Appellate Division, Second Department. May 1, 1912.)

WILLS (§ 614*)—CONSTRUCTION—ESTATES DEVISED.

A testator devised all his property, real and personal, to his wife for life, and, after death, unto his children then living or their heirs, but with the provision that, if the wife should marry again, she should have only the right to dower. *Held* that, under this will, the wife took a life estate and the children remainders, which were subject to divestiture in case of their death before that of the life tenant, and so the widow and children could not convey a marketable title in fee.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1393–1416; Dec. Dig. § 614.*]

Action by Joseph Weinstein against Lena Kratenstein. Submission of controversy on agreed statement of facts. Judgment for plaintiff.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

Max Herzfeld, of Brooklyn, for plaintiff.
Abraham H. Spiegelgass, of Brooklyn, for defendant.

JENKS, P. J. This is a submission of controversy pursuant to section 1279 of the Code of Civil Procedure. In 1898 Metzendorf died testate, seised in fee of a certain parcel of realty. The will reads as follows:

"First. That after my lawful debts are paid, I give and bequeath unto my beloved wife, Catherina Metzendorf, all my property, real and personal, of what kind and nature soever, and wheresoever, of which I shall die seized and possessed, and to which I shall be entitled at the time of my decease, to hold and to enjoy the same during the term of her natural life, provided she remains my widow. And after the decease of my said wife Catherina I give and bequeath Second. My said property, unto my children, then living, or to their heirs in equal parts, share and share alike. But in the case my wife Catherina Metzendorf should contract marriage again, then and in such case, she shall have only the right to dower and no more. I hereby appoint my said wife, Catherina Metzendorf, to be Executrix of this my last will and testament, hereby revoking all former wills by me made."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

The testator was survived by his said wife and five children, and they all are now alive. In 1904 the widow and children conveyed the said parcel of realty to Sweedler and Berman, and by mesne conveyances the defendant became seised of whatever title was conveyed to Sweedler and Berman as aforesaid. On January 9, 1911, the defendant and plaintiff executed a contract for conveyance of an absolute fee in the premises. On the law day the plaintiff refused to accept a deed on the ground that the defendant did not have an absolute fee simple, in that the said widow and children could not have conveyed the said parcel in fee. The plaintiff demands judgment for $300 liquidated damages. The defendant demands that the complaint be dismissed.

We are of opinion that upon the death of the testator remainders were vested in his children, respectively, subject, however, to divestiture as to any child that predeceases the life tenant. Lyons v. Ostrander, 167 N. Y. 135, 60 N. E. 334. We think that the widow and children could not convey a marketable title in fee, and for that reason there should be judgment for the plaintiff for $300, with costs, in accordance with the terms of the submission. See Harris v. Strodl, 132 N. Y. 392–397, 30 N. E. 962; Kilpatrick v. Barron, 125 N. Y. 751, 26 N. E. 925. All concur.