WILLIAM SCHEIN, Appellant, v. ERASMUS REALTY COMPANY, INC., Respondent.

Second Department, November 23, 1920.

Mortgages — mortgage purporting to cover entire property but executed by owner of fractional part only — interest acquired by purchaser on foreclosure sale — deeds — validity of deed to unincorporated association — making said association party to foreclosure of mortgage previously existing as barring any claim.

Upon the foreclosure of a mortgage given by the owners of a fractional part of the fee of the mortgaged premises, though purporting to cover the entire premises, the purchaser on the mortgage sale acquires the interest of the mortgagors only.

A deed of land to an unincorporated association, not representing a definite membership, conveys no legal title, as there is no grantee competent to hold the real property, and the title still remains in the grantor.

The conveyance by said grantor thereafter to the purchaser upon a mortgage foreclosure sale of a mortgage covering a fractional part of the premises operated to transfer to said purchaser the remaining interest in said land.

Any equitable interest created by the deed to the unincorporated association was barred by an action to foreclose a mortgage existing at the time the deed was given in which said association was made a party.

JENKS, P. J., and KELLY, J., dissent, with opinion.

APPEAL by the plaintiff, William Schein, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 18th day of April, 1919, upon the decision of the court rendered after a trial at the Kings County Special Term dismissing on the merits the complaint in a vendee's suit to enforce his lien on property in the former town of New Lots, Kings county.

Alleging that the title was defective, or not marketable, the plaintiff sought a lien for $1,229, the amount of his deposit under a contract to purchase and expenses in examination of the title. The facts concerning this title appear in the opinion at Special Term. (107 Misc. Rep. 27.)

The first question was the effect of a mortgage in 1897 to Wernmann for $3,300 by the Ermete children then owning

twenty-two twenty-fourths interest in the premises, but purporting to convey the whole twenty-four twenty-fourths, which was followed by an executor's deed under a testamentary power of sale on September 12, 1906, which conveyed the premises to one Kiendl.

This conveyance and those following it were considered to have supplied the omission of two twenty-fourths from the mortgage. But the main difference was over the deed of May 5, 1909, by Beihl to the Local Union No. 147 of the United Brotherhood of Carpenters and Joiners of America (an unincorporated association), in which no individual grantee was named. The Wernmann mortgage was foreclosed in 1912, the president of the local union being named as a defendant. The learned court at Special Term concluded that the mortgage was properly foreclosed by making the president of the local union a defendant; also that through the executor's deed to Kiendl, the two twenty-fourths not mortgaged finally reached the defendant, so that its title was marketable, when it tendered a conveyance under this contract.

*Alexander Bloch* [*Samuel Bikoff* with him on the brief], for the appellant.

*Herman S. Bachrach,* for the respondent.

BLACKMAR, J.:

The mortgage made to Herman Wernmann was a lien on twenty-two twenty-fourths of the property only. If there were any doubt of the right of the widow and seven children to make the mortgage, in view of the power in trust given to the executors to sell, that is set at rest by the fact that the conveyance from Kiendl, the grantee of the executors, to Beihl was subject to this mortgage, and, therefore, neither Beihl nor his grantees could dispute its validity. Upon the foreclosure, however, the purchaser upon the mortgage sale obtained title to twenty-two twenty-fourths of the real property only. No estoppel operated to increase the lien of the mortgage so as to cover the other two twenty-fourths. The extent of the purchaser's interest, as defined by section 1632 of the Code of Civil Procedure, is the interest of the mortgagor

and mortgagee and those claiming under them who were foreclosed by the suit. We think that the deed from Beihl to Local Union No. 147, United Brotherhood of Carpenters and Joiners of America, an unincorporated association, conveyed no legal title, because there was no grantee competent to hold the real property. (*Owens* v. *Missionary Society of M. E. Church*, 14 N. Y. 380; *Mount* v. *Tuttle*, 183 id. 358; *King* v. *Townshend*, 141 id. 358.) The unincorporated association was not capable of holding the title to real property, and such association did not represent a definite membership so that the conveyance might be considered a deed to the individual members of the association described by the name of the association. (*Byam* v. *Bickford*, 140 Mass. 31.) We think, therefore, that the legal title remained in Beihl notwithstanding his conveyance to the unincorporated association; and the quit-claim deed subsequently given by Beihl and wife to Gentry, the purchaser upon the foreclosure sale, conveyed to her the legal title of the two twenty-fourths in question.

Recognizing the accuracy of the general rule so cogently stated by the presiding justice, I find no reasonable doubt in the three legal propositions on which the affirmance of the judgment rests: *First*, that no legal title passed by a deed in which there is no grantee capable of holding real property; *second*, that a subsequent conveyance by the grantor in such deed can pass the legal title, and *third*, that any equitable interest created by the deed to the unincorporated association is barred by a foreclosure action in which such association is made a party pursuant to section 1919 of the Code of Civil Procedure.

Hence, the judgment should be affirmed, but without costs.

PUTNAM, J., concurs in a separate opinion; MILLS, J., concurs; JENKS, P. J., reads for reversal, with whom KELLY, J., concurs.

PUTNAM, J. (concurring):

As the deed to the local union was only to that organization as grantee, without naming any individual to take title, no inheritable interest in lands passed nor such as could be subject to dower. As I see the situation, the local union had

a right in equity to procure some confirmation, some declaration of a lien, or of an assurance of its interest in this property, for which the local union had made payment. I think, however, that any such interest was extinguished by the foreclosure.

Section 1919 of the Code of Civil Procedure, permitting actions in the name of the president or treasurer of an unincorporated association, followed an older rule in equity practice of letting a trustee, officer or other representative be taken as a sufficient party, instead of joining all of a numerous class having common interests. And this was early applied to mortgage foreclosures. (*Van Vechten* v. *Terry,* 2 Johns. Ch. 197; Thomas Mort. § 781.)

Hence, I conclude that plaintiff's objections to this title were not good, and that the judgment should be affirmed.

MILLS, J., concurs.

JENKS, P. J. (dissenting):

I dissent and vote for reversal. The action rests upon the breach of the contract in that on the law day of the contract the defendant did not furnish a marketable title. The plaintiff was not bound to establish *on this trial* that the title is not good, but only that *on the law day* the title was unmarketable. In *Moore* v. *Williams* (115 N. Y. 586, 596) the court, per EARL, J., say in reference to the opinion of PECKHAM, J., in *Methodist Episcopal Church Home* v. *Thompson* (108 N. Y. 618): " ' We disagree with the court at General Term upon the necessity, in such a case as this, of showing that the title is absolutely bad. We think that if there were a reasonable doubt as to the vendor's title, such as to affect the value of the property and to interfere with the sale of the land to a reasonable purchaser, the plaintiff's cause of action would be sustained.' While what was thus said was not necessary to the decision of that case, it is more than a mere *dictum.* The opinion concurred in by the entire court was written to set right what was deemed an erroneous view of the law taken in the court below, and which might otherwise have been supposed, from the opinion or the judgment, to have received the approval of this court." The issue is, was the title as furnished

on that day free from reasonable doubt? (*Kilpatrick* v. *Barron*, 125 N. Y. 751, 755. See, too, *Brokaw* v. *Duffy*, 165 id. 399; *Simis* v. *McElroy*, 12 App. Div. 434.) It seems to me that the title was not free from such doubt. Indeed, the opinions of the court at trial, and of this court, indicate this circumstance. In *Todd* v. *Union Dime Savings Institution* (128 N. Y. 639) the court say: " He may claim a marketable title, and that means a title which a reasonable purchaser, well informed as to the facts and their legal bearings, willing and anxious to perform his contract, would, in the exercise of that prudence which business men ordinarily bring to bear upon such transactions, be willing to accept and ought to accept." In *Parmly* v. *Head* (33 Ill. App. 137): "A purchaser is entitled to a merchantable title, a marketable title — such a one as will bring in the market as high a price with, as without the objection. (*Parker* v. *Porter*, 11 Ill. App. 605; *Brown* v. *Cannon*, 5 Gilm. 174.)" (See, too, *Vought* v. *Williams*, 120 N. Y. 257.)

ANDREWS, J., for the court in *Fleming* v. *Burnham* (100 N. Y. 1, 9), says: " The objection may involve a mere question of fact or it may involve a pure question of law upon undisputed facts." (See, too, *Landon* v. *Walmuth*, 76 Hun, 271; *Marks* v. *Halligan*, 61 App. Div. 179; *Bearns* v. *Mela*, 10 N. Y. Supp. 429; *Weinstein* v. *Kratenstein*, 150 App. Div. 789; *Palmer* v. *Morrison*, 104 N. Y. 132; 1 Sugden 'Vendors [Perkins' 8th Am. ed.], 580; Pomeroy Cont. [2d ed.] §§ 203, 204, and cases cited.) Almost all, if not all, of these cases presented questions of law.

The basis of the action is the breach of the contract. (*Flickinger* v. *Glass*, 222 N. Y. 408.) Neither party asks for specific performance, and the defendant does not seek any equitable relief. The plaintiff is entitled to succeed unless the court decide that the title was free from reasonable doubt on the law day of the contract. (*Zorn* v. *McParland*, 8 Misc. Rep. 126; affd., 11 id. 555; affd., 155 N. Y. 684.) The effect of the decision is that inasmuch as the court arrives at the conclusion that the title is good, the title was marketable upon the law day. But in *Blanck* v. *Sadlier* (153 N. Y. 556) it is said: " And although the title tendered may in fact be good, yet if it is subject to reasonable doubt, depending upon the ascer-

tainment of some material fact extrinsic to the record title, to be found by a jury when the question arises, the purchaser in general will not be required to complete the purchase, for he is entitled to a title not only good in fact, but marketable. (*Burwell* v. *Jackson,* 9 N. Y. 535; *Fleming* v. *Burnham,* 100 id. 1; *Moore* v. *Williams,* 115 id. 586; Leake on Con. 831.)"

I add that even when an objection presents a question of law it cannot be disposed of by any litigation unless all the parties interested are before the court. (*Abbott* v. *James,* 111 N. Y. 676; *Simis* v. *McElroy,* 12 App. Div. 434; affd., 160 N. Y. 156.)

KELLY, J., concurs.

Judgment affirmed, without costs.